BAILEY *v.* CHAMBLIN.

20   33
137  322

The opinion herein relates to the boundaries of land, and the effect of errors in original surveys, and the construction of statutes effecting such surveys; but it can not be conveniently stated in a syllabus, and the reader is therefore referred to the opinion at length.

APPEAL from the *Noble* Circuit Court.

HANNA, J.—This was a suit in the nature of an action of trespass upon lands. It was decided upon an agreed statement of facts, by which it is made to appear that the original plats and field-notes represent that on the east and west lines of section four, township thirty-four north, of range ten, east of second principal meridian, the half mile or quarter section posts were established at forty chains north of the south-west and south-east corners of said section, and at thirty-nine chains and ninety links south of the north-west corner, and thirty-nine chains and ninety-six links south of the north-east corner of said section; when in truth they were not established at all by said survey, nor said lines run. And further, that upon a remeasurement, said west line appears to be only seventy-three chains and seventy-one links, and said east line seventy-two chains and eighty-four links in length.

This would show a deficiency of near twenty-four rods upon the west line and twenty-eight on the east line, from the amount so represented.

The owner of the east half of the north-east quarter of said section claims that, under these circumstances, he should lose only a portion of said deficiency. The owner of the east half of the south-east quarter contends that he should not suffer any part of said loss, and has therefore sued.

It was therefore agreed, that if such last named owner should not bear any of the loss occasioned by said deficiency, the other had been guilty of a trespass, &c.

As the agreement shows that lines were never traced, nor half-mile corners established, on the east and west sides of said section, it can not be contended that parties purchased with reference to an actual view of such land-marks as might and ought to have been there placed. Perhaps such purchases were made in view of the plats and field-notes returned and approved—most certainly with reference to the laws in force.

The agreement shows what the plats and field-notes contained. The law was, as embodied in the acts of *May* 10, 1800, and *February* 11, 1805—*first*, by the former statute, that "In all cases where the exterior lines of the townships thus to be sub-divided into sections, or half sections, shall exceed or shall not extend six miles, the excess or deficiency shall be specially noted and added to or deducted from the western and northern ranges of sections or half sections in such township, according as the error may be in running the lines from east to west or from south to north. The sections and half sections bounded on the northern and western lines of said townships shall be sold as containing only the quantity expressed in the returns and plats respectively, and all others as containing the complete legal quantity."

It might, with some force, be contended, that this statute should be so construed as to throw all the excess or deficiency into the sub-divisions bordering on the two lines named, if it was not for the part which points out that other sub-divisions shall be sold as of the full quantity required. We suppose it will scarcely be contended, that if the deputy surveyor, in his work of sub-division, should have made a mistake and thrown too great or too small a quantity in the tier of sub-divisions on the eastern or southern line, that therefore the whole of said lines and corners should be re-established in the face of well-marked sub-divisions. From this it would appear, that perhaps the whole section quoted should be con-

Bailey *v.* Chamblin.

strued as directory only. But however this may be, there is a later statute—that of 1805—which should be considered in connection with that of 1800. It is therein provided that " all the corners marked in the returns of the Surveyor General * * * shall be established as the proper corners of sections or sub-divisions of sections which they were intended to designate;" and as to the lines, it is declared that the length thereof, as returned by the surveyor, " shall be held and considered the true length."

The effect of these statutes, construed together, is to maintain the corners originally marked, if they can be found, whether the sub-divisions contain more or less than the legal quantity; but if they can not be found, then the excess or deficiency shall be apportioned to each sub-division contained within the boundary where the corners are thus lost. It is manifest that if the length of line returned, as bounding one sub-division, is to be considered as the true length, so it shall be as to all others where marked and established corners do not intervene. If they all fall short, the deficiency should be apportioned, not equally in one sense of the word, but equally in another sense; that is, each sub-division should lose the same quantity where they were originally represented and sold as containing the same, but not where they were represented and sold as containing different quantities; that is, where one was sold as eighty and the other as sixty acres, and no dividing line or corner between the two can be found, and it is ascertained that the two contain, instead of one hundred and forty, only one hundred and five acres, or three-fourths of the whole amount. The loss to the larger piece should be twenty acres and to the smaller fifteen acres, and not seventeen and a half acres to each.

As the Court found specially in this case that the line ought to be so run as to " give to each lot its proper or relative pro-

portion in the apparent deficiency," as well as for the defendant generally, the judgment should be affirmed.

*Per Curiam.*—The judgment is affirmed, with costs.

*Withers & Morris,* for the appellant.

*Wm. W. Clapp,* for the appellee.