## O'Brien vs. McGrane.

*Boundary line.—Distribution of deficiency in measurement.*

Where a city lot is subdivided, and a plat of the subdivision recorded, and the actual aggregate frontage is less than is called for by the plat, the deficiency must be divided between the sublots in proportion to their several frontage as indicated by the plat, without regard to the order of their alienation by the proprietor.

APPEAL from the County Court of *Milwaukee* county.

Ejectment.   The defendant appeals from a judgment for the plaintiff.  The case is stated in the opinion.

*E. Fox Cook*, for appellant.

*Jenkins & Elliott*, for respondent.

Lyon, J.   James Kneeland, being the owner of lot nineteen in block 145, in the fourth ward of the city of Milwaukee, subdivided the same, in 1867, into four lots, numbered from one to four inclusive, and duly recorded a plat of such subdivision.  These lots all front on West Water street, and are marked on the plat as having an aggregate frontage of ninety-one feet, as follows: lot one, thirty-one feet ; and lots two, three and four, twenty feet each.   A survey made after such plat was recorded, demonstrated that such aggregate frontage was only $89\frac{17}{100}$ feet, or about twenty-two inches less than ninety-one feet.

Kneeland, while he was yet the owner of all four of these lots, sold and conveyed lot *one* to the plaintiff, and afterwards sold and conveyed lot *two* to the defendant.   Lot one is located in the angle made by the junction of West Water and Fowler streets, is nearly triangular in form, and its southerly line, which runs at right angles with West Water street, is the northerly line of lot two.   The defendant occupies a building which, at the time this action was commenced, or very recently before that time, stood partly upon lot two ; and if lot one has a frontage of thirty-one feet, then such building extended over on lot one about twenty-seven or twenty-eight inches. The building has been removed to the south about seven inches ; but whether before or after the commencement of this action does not appear, and perhaps is not material.   If lot one has a frontage of thirty-one feet, about twenty-one inches of the building now stands thereon.   If lots two, three and four have a frontage of twenty feet each, no part of it is now upon lot one.

This action is to recover the possession of that part of lot one alleged to be thus occupied by the defendant, and the complaint is drawn upon the hypothesis that such lot has a frontage of thirty-one feet. The circuit court directed a verdict for the plaintiff, upon which judgment was duly entered for the recovery of all the land claimed in the complaint; the effect of which verdict and judgment is to give to lot one a front on West Water street of thirty-one feet.

From this judgment the defendant appeals to this court.

From this brief statement it will be readily seen that we are called upon to decide the manner in which the line between these lots of the parties is to be ascertained and located.

The plaintiff claims, and so the circuit court held, that inasmuch as he was the first purchaser from Kneeland of a lot in the subdivision, he was entitled to thirty-one feet front as designated on the plat, thus throwing the whole deficiency on the three remaining lots, or on some or one of them. On the other hand, the defendant claims that lot one must bear the whole deficiency, and that the owners of lots two, three and four are entitled to twenty feet front to each lot.

We deem it unnecessary to comment upon the arguments presented or the authorities cited by the respective counsel in support of these positions, for the reason that we are of the opinion that the same rule must be applied to ascertain and fix the lines of these several lots, which is to be observed in subdividing a section of land where the monuments placed by the government surveyors are lost. The rule in that case has been settled by an adjudication of this court—*Jones vs. Kimble*, 19 Wis. 429. It was there held that in re-establishing a lost quarter post in a north and south section line, any deficiency in the length of such line by actual measurement, as compared with that indcated by the government survey, should be divided

between its north and south parts in proportion to their respective lengths as indicated by the same survey. It will be observed that this decision relates to a subdivision of section numbered two, the north half, or rather the north half of the north half, of which, where the section contains more or less than six hundred and forty acres, is fractional. Yet it was held that the whole deficiency should not be thrown upon the north, or fractional half, of the section. This is a complete answer to the argument which assumes that lot one is fractional, and infers therefrom that it must bear the whole deficiency.

Applying to this case the rule established in *Jones v. Kimble,* the deficiency in the frontage of lot nineteen must be apportioned to the several lots into which it is subdivided, in proportion to their respective fronts as indicated by the plat of such subdivision. This would give to lot one a frontage on West Water street of thirty feet and four and one-half inches, and to each of the remaining three lots a frontage of nineteen and six-tenths feet, or a fraction over nineteen feet and seven inches, and leaves thirteen and a half inches of the defendant's building standing upon lot one.

We are also of the opinion that it is quite immaterial that the plaintiff was the first purchaser from Kneeland of a lot in such subdivision. The rule for locating the lines of the lots is, we think, to be applied without reference to the order of the several conveyances of such lots.

The judgment being predicated upon an erroneous location of the line between lots one and two, must necessarily be reversed, and the cause remanded to the circuit court for another trial.

*By the Court.*—So ordered.