Newcomb v. Lewis.

---

## Newcomb v. Lewis.

Conveyance: VARIANCE IN SURVEY OF TOWN LOTS. Where the line of survey between remote corners of a block is found to vary from the length called for in re-establishing the boundaries and corners of intermediate lots along the same line, it will not be presumed, in the absence of any showing to that effect, that the variance arises from the defective survey of any lot or part, but from the imperfect measurement of the whole line, and the variance will be distributed between the several lots in proportion to their respective width.

*Appeal from Tama District Court.*

SATURDAY, JUNE 10.

ACTION of right for the recovery of a strip of land nine feet wide on the south end, and eleven feet wide on the

north end, from the west side of lot eleven, in block six, in Iuka, Tama county. Answer in denial.

The cause was referred to D. D. Applegate to hear and determine the issues, upon the confirmation of whose report defendant had judgment for costs.

Plaintiff appeals. The necessary facts are stated in the opinion.

*Boardman, Brown & Williams* for the appellant.

*Stivers & Safely* for the appellee.

Day, Ch. J. — From the evidence submitted with the case it appears that, at the time the town of Iuka was laid out, an iron stake was placed at the south-west corner of block six, and that the surveyor measured thence eastward, along the south side of said block, twenty-five feet to a lot as long as they remained full in the rear, and when they ceased to be so full he measured the remainder in one lot, extending to the east line of the town.

Thus measured, the south half of block six is divided into eleven lots twenty-five feet wide, front and rear, and one lot thirty-five feet wide in front, and less than twenty-five feet wide in the rear. In this way the block is designated on the plat of the town. The south half of the block is thus shown to be three hundred and ten feet long on the south side, and two hundred and ninety-five feet on the north side. Actual measurement of the block, however, shows it to be but three hundred and one feet five and one-half inches long on the south side, and two hundred and eighty-three feet five and three-quarter inches on the north side.

Lot twelve, the eastern lot in said block, was sold, on the 2d day of April, 1866, by John I. Blair, the proprietor of the town, to Thomas Murray, who has erected a building thereon. In October, 1865, John Matthews con-

tracted for lots ten and eleven, in block six, but let one Lukes have lot eleven, and separate written contracts were made to Matthews and Lukes therefor. These contracts were finally purchased by the parties to this suit, and those under whom they claim, who obtained deeds therefor from Blair, that of plaintiff to lot eleven bearing date July 6, 1868, and that of Samuel Spruce, under whom defendant claims lot ten, bearing date October 24, A. D. 1868.

It does not appear that there were any stakes standing at the corners of the lots at the time they were contracted for by Matthews. The referee found, as a conclusion of law, " that the plaintiff, having bought and taken his deed according to the plat and field notes recorded of said town, is entitled to no more land, as between him and third parties, than is included in block eleven, after measuring off twenty-five feet front and back for each lot in the south half of said block, commencing at the south-west corner thereof. That, as the defendant is not occupying any of lot No. eleven in said block six, he is entitled to judgment for costs."

This finding of the referee the court approved. In this, we think, there was error. The effect of this finding is to cast the entire loss, through the deficit in the length of the block, upon the owner of lot eleven or of lot twelve, both of whom obtained deeds prior to the date of the deed through which defendant claims, and either of whom is equally entitled to protection in his purchase. We regard the true rule in such cases to be that announced in *Moreland* v. *Page*, 2 Iowa, 139, in which it was held, that " Where on a line of the same survey between remote corners the whole length of which is found to be variant from the length called for, in re-establishing lost intermediate monuments, as marking subdivisional tracts, we are not permitted to *presume* that the variance arose from defective survey of any part, but must conclude, in the absence of circumstances showing the contrary, that it arose

from imperfect measurement of the *whole* line, and distribute such variance between the several subdivisions of such line, in proportion to their respective lengths."

Applying this rule to the case at bar each of the eleven lots in block six will have a frontage, as nearly as can well be ascertained, of twenty-four feet, three and seventy-four hundredths inches, if, as appears from the testimony, the original monuments of all the lots are gone.

It will thus be seen that, in the event of such loss of original monuments, the owner of lot ten, occupying the entire lot as marked on the plat, has encroached upon lot eleven, to the extent of six feet ten six-tenths inches.

The plaintiff, in any event, under the evidence submitted and facts found, should have had judgment for part of the land claimed.

Reversed.