## WESTPHAL VS. SCHULTZ.

*December 17, 1879 — January 7, 1880.*

| 48 | 75 |
|---|---|
| 78 | 31 |

SURVEYS. *Sixteenth-section corners — how determined.*

Where only section and quarter-section corner posts were established by the original government survey of a quarter section bordering on the north line of a town, the sixteenth corner posts must be determined, upon a resurvey, in the manner prescribed by the statute (sec. 4, ch. 323 of 1860; sec. 5, ch. 120 of 1862; R. S., sec. 770). *Jones v. Kimble,* 19 Wis., 430.

APPEAL from the Circuit Court for *Winnebago* County. Ejectment. The defendant appealed from a judgment in plaintiff's favor. The circuit judge found the facts substantially as follows:

Plaintiff is, and was at the commencement of the action, owner in fee simple and entitled to the possession of the north half of the northwest quarter of a certain section of land; while defendant was and is, in like manner, owner and entitled to the possession of the south half of the same quarter section. The government plats and survey show, in the north half of said quarter section 96.06 acres, and in the south half 80 acres of land; but the actual amount of land in the whole quarter section is only 169.85 acres. The distance from the west quarter post to the northwest corner of the section appears by the government survey and field notes to be 43 chains and 87 links; while the actual distance is 42 chains and 18 links. Defendant is, and was at the commencement of the action, in possession of the south 80 acres of said quarter section, claiming title thereto; and the north line of the tract so occupied by him was marked by a fence. *If the sixteenth posts on the east and west ends of the north half of the section be fixed by dividing the deficiency in the measurements of the east and west lines of said half section* [as compared with the measurements called for by the government survey]

*between the north and south posts* [parts?] *of said north half of the section, and those sixteenth posts be connected by a straight line, such line will run south of said fence, and distant from the same, at the west side of the northwest quarter 76 links, and at the east side of said quarter 27 links; and between said line and the fence will be included 2.06 acres.* If the deficiency in the area of the northwest quarter [as compared with the area called for by the original survey] be divided proportionately between the north and south halves of said quarter section, the boundary line between the two halves will lie south of said fence, and distant from it, at the west end 76 links, and at the east end 36 links; and between said line and the fence will be included 2.24 acres. The north half of said quarter section contains two fractional forties, bounded on the north by the town line; and these contain respectively, according to the government survey, 48.11 acres and 45.95 acres; and by actual survey, apportioning the deficiency in area, 45.85 and 46.06. And by actual survey, allowing to the south half of the quarter section full 80 acres as claimed and possessed by defendant, said two northern fractional forties contain respectively 44.64 and 45.21 acres. The corner posts at the northeast, northwest and southwest corners of the section, and the east, west and south quarter posts, are all in existence, and were found by the county surveyor, who resurveyed the land and made a map used at the trial.

As conclusions of law, the court held, 1. That the boundary between the north and south halves of said northwest quarter section is the straight line connecting the two sixteenth posts fixed in the manner described above in italics. 2. That plaintiff was entitled to recover of defendant, as owner in fee, the 2.06 acres of land included between said line and defendant's north fence, as above stated.

Defendant excepted to each of the conclusions of law, and appealed from a judgment rendered in accordance therewith.

*Chas. W. Felker*, for appellant, argued, that while a resurvey

may be had in case of a lost boundary (*Jones v. Kimble*, 19 Wis., 429; *Martin v. Carlin*, id., 454; *Neff v. Paddock*, 26 id., 546; *McEvoy v. Loyd*, 31 id., 142), and it is probably competent for the legislature to establish a rule regulating surveys in such cases, yet, where the original monuments of the government survey can be found, these must control notwithstanding the statute (*Jones v. Kimble*, *Neff v. Paddock* and *McEvoy v. Loyd, supra*); and that, inasmuch as all the monuments fixed by the government survey in this case can be found, and the line between the north and south halves of the quarter section (claimed by the parties respectively), fairly established from such monuments, defendant could not be compelled to submit to a resurvey which would deprive him of a portion of his property without compensation.

*Moses Hooper*, for the respondent:

It is settled for this state at least, that there should be an apportionment of the excess or deficiency in measurement in government surveys, between subdivisions, where corners are not established and lines not run by the government. *Jones v. Kimble*, 19 Wis., 429; *O'Brien v. McGrane*, 27 id., 446; *McEvoy v. Loyd*, 31 id., 138. See also Hawes' Man. of U. S. Surveying, 124–5, 142; *Moreland v. Page*, 2 Clarke (Iowa), 139; *Britton v. Ferry*, 14 Mich., 53, 71; *Thom v. Patten*, 13 Me., 329; *Wolf v. Scarbro*, 2 Ohio St., 363; *Francois v. Maloney*, 56 Ill., 399; *Marts v. Williams*, 67 id., 306. The contrary doctrine is not held in *Keasling v. Truitt*, 30 Ind., 306, where the opinion does not sustain the syllabus.

ORTON, J.  The land recovered in this action is a strip between the north and south half of the northwest quarter of section 2, township 20 north, range 16 east. This section is fractional, and is bounded on the north by the town line. It appears from the government survey and field notes, that the north half of said quarter section contains 96 and 6-100 acres,

and the south half 80 acres, and that the whole length of the west line of the quarter is 43 chains and 87 links.

It appears upon a resurvey, allowing full 80 acres to the south half of the quarter, the north half contains less than the number of acres called for by the government survey, and this deficiency in the excess is apportioned between the number of acres, as marked, of the two halves of the quarter, which gives the strip here claimed and recovered. The section corner posts and the quarter posts were in existence, by which the survey was made; but no eighth and sixteenth corner posts were ever established, and these corners are therefore found and located by the resurvey as above.

The rule by which this resurvey was made is clearly defined by section 4, ch. 323, Laws of 1860, as follows: "Whenever a surveyor is required to subdivide a quarter section bordering on the north boundary of a township, he shall establish the sixteenth-section corner at a distance twenty chains north of the quarter-section corner, unless the quarter section shall exceed or be less than the original survey, in which case said sixteenth corner shall be established in exact ratio to such excess or deficiency." This rule is made applicable to all fractional sections by section 5, ch. 120, Laws of 1862, and in the late revision it is expressed in the following language: "Unless the quarter line vary in actual length from the length stated in the original survey, in which case such sixteenth corner shall be established at a greater or less distance, in exact ratio to the excess or deficiency in the actual length of the quarter line."

The case of *Jones v. Kimble et al.*, 19 Wis., 430, was one in which the quarter posts of a fractional section, bounded upon the north by a township line, were lost, and they were established by a resurvey according to the above rule. In that case this court fully approved and sanctioned this rule of the statute as being right, and cited favorably the case of *Moreland v. Page*, 2 Clarke (Iowa), 139, which is the leading

case upon the question, and in favor of the rule. Since the above decision by this court, the correctness of this rule has not been an open question.

The authorities cited by the learned counsel of the appellant, which require section-corner posts and quarter posts, and other monuments fixed by the original survey, to be consulted in all resurveys, and which make such monuments govern, are inapplicable, because here no eighth or sixteenth corners were established by the original survey; and they have been found and fixed by this resurvey, according to the above rule, *from* the section-corner posts and quarter posts which were found in existence as set by the original survey. The findings of the learned judge of the circuit court were correct.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.

