F. O. MILLER *et al.* v. THE TOPEKA LAND COMPANY.

1. DEED — *Description* — *Reference to Government Patent.* The reference in a deed of conveyance of real estate to the government patent in the description of the property conveyed, makes the description and reference to the United States survey a part of the deed.

2. LINE OF SURVEY — *Variance, How Distributed.* Where, on a line of the same survey and between remote corners, the whole length of which is found to be variant from the length called for, it is not to be presumed that the variance was caused from a defective survey in any part, but it must be presumed, in the absence of circumstances showing the contrary, that it arose from imperfect measurement of the whole line, and such variance must be distributed between the several subdivisions of the line in proportion to their respective length.

*Error from Shawnee District Court.*

THE case is stated in the opinion.

*J. T. Ward,* for plaintiffs in error.

*A. Bergen,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The Topeka Land Company brought its action against F. O. and G. F. Miller to quiet its title to a strip or tract of land in the northeast quarter of section 2, in township 12, range 15, in Shawnee county, described as follows:

"Commencing 1,323.08 feet north of southeast corner of said quarter-section; thence running west 40 chains, or thereabouts, to the west line of said quarter-section, at a point 1,325.33 north of the southwest corner of said quarter-section; thence south 33 feet; thence east 40 chains, or thereabouts, to the east line of said quarter-section; thence north 33 feet, to place of beginning."

Trial had by the court, Hon. Z. T. Hazen, acting as judge *pro tem.,* at the April term, 1887. The court, after hearing the evidence and arguments of counsel, found the allegations in the plaintiff's petition to be true, and made a general finding in favor of the plaintiff. The court subsequently, upon its general finding, rendered judgment in favor of the plaintiff and against the defendant, forever quieting the title in the plaintiff to the land in controversy as against the defendant, and all persons claiming under or through them, or either of them. The defendant brings the case here.

The principal complaint is that the judgment of the trial court is not sustained by sufficient evidence. The record does not show any exception to the evidence given, nor does it show that any evidence was excluded. The case-made does not state expressly, or by implication, that it contains all of the evidence introduced upon the trial. The certificate of the judge clearly implies that all of the evidence is not embraced in the record.

As the judgment follows the petition, the only matter for our consideration is, whether the allegations of the petition are sufficient to entitle the land company to the judgment ren-

dered.    The petition alleges, among other things, that on the
2d day of April, 1860, the United States conveyed by its
patent to Lewis C. Wilmarth "the northeast quarter of the
northeast quarter of section 2, in township 12, of range 15,
in the district of lands subject to sale at Lecompton, Kansas,
containing thirty-eight acres and twenty-seven hundredths
of an acre, according to the official plat of the survey of said
lands returned to the general land office by the surveyor gen-
eral;" that on the 1st day of June, 1860, the United States
also conveyed by its patent to Lewis C. Wilmarth " the south
half of the northeast quarter and the northwest quarter of
the northeast quarter of section 2, in township 12, range 15,
in the district of lands subject to sale at Lecompton, Kansas,
containing one hundred and eighteen acres and fifty-two hun-
dredths of an acre, according to the official plat of the survey
of the said land returned to the general land office by the
surveyor general;" which patent is duly recorded in the office
of the register of deeds of Shawnee county, at page 289, vol.
13; that according to the official plat of the survey of said
land returned to the general land office of the United States
by the surveyor general, the width of the south half of said
quarter-section was 20 chains on its east and west lines; that
the east line of said northeast quarter of said quarter-section
was 19.07 chains; that the length of the west line of the said
northeast quarter of said quarter-section was 19.13 chains;
that the length of the west line of the said northwest quarter
of said quarter-section was 19.19 chains; that the real length
of the entire east line of the said quarter-section is 39.20
chains, and not merely the total of the official measurements,
which are 39.07 chains; that the actual and real length of the
entire west line of the said quarter-section is 39.43 chains,
and not merely the total of said official measurements, which
are 39.19 chains, and that there are no monuments upon the
land of the government survey of the line between the north
half of said quarter-section and the south half thereof; that
on the 24th of May, 1880, Lewis C. Wilwarth and wife exe-
cuted and delivered to the Topeka Land Company a convey-

ance of a certain portion of said land, described as follows:
"The south half of the northeast quarter of section 2, in
township 12, range 15, in the district of lands subject to sale
at Lecompton, Kansas, as described in government patents
issued to the parties of the first part April 2 and June 1, 1860,
and duly recorded in vol. 13, pages 289, and 290, Shawnee
county records;" that on the same day, the 24th of May,
1880, Lewis C. Wilmarth and wife executed and delivered to
F. O. Miller a conveyance of a certain portion of said land,
described as follows: "The north half of the northeast quarter
of section 2, in township 12, range 15, in the district of lands
subject to sale at Lecompton, Kansas, as described in govern-
ment patents issued to the parties of the first part April 2 and
June 1, 1860, and duly recorded in vol. 13, pages 289, 290,
in Shawnee county records;" that said defendants have not,
nor has either of them, any right, title or interest in or to any
of said lands hereinbefore described, save and except under
and by virtue of said deed of said Lewis C. Wilmarth and
wife; that the plaintiff is the owner and in the actual posses-
sion of the strip or tract of land heretofore described as 33
feet wide from north to south, and 40 chains long from east
to west.

Upon the allegations in the petition, the judgment of the
district court must be sustained. In the deeds of Wilmarth
to the parties to this action, the reference to the government
patents made the description and the United States survey a
part of the deeds. (Tied. Real Prop., § 841, and cases cited;
*Davidson v. Arledge,* 88 N. C. 326; *Powers v. Jackson,* 50 Cal.
429; *Tarpenning v. Cannon,* 28 Kas. 665.) According to the
government survey, the entire length of the east line of the
whole quarter-section was 39.07 chains, of which the east line
of the south half of the quarter-section as measured by the
government survey was 20 chains long, and the north half
19.07 chains. The length by accurate measurement of the
entire east line of the quarter-section is 39.20 chains, being .13
chains more than the survey as made by the government sur-

veyors. The plaintiff below, under its petition, is entitled to its proportionate share of the .13 of a chain.

"Where, on a line of the same survey and between remote corners, the whole length of which is found to be variant from the length called for, we are not to presume that the variance arose from defective survey in any part, but we must conclude, in the absence of circumstances showing the contrary, that it arose from imperfect measurement of the whole line, and distribute such variance between the several subdivisions of such line in proportion to their respective length." (*McAlpine v. Reicheneker*, 27 Kas. 257.)

See also, *Newcomb v. Lewis*, 31 Iowa, 488–490; *Moreland v. Page*, 2 id. 139; *O'Brien v. McGrane*, 27 Wis. 446; *Jones v. Kimble*, 19 id. 430–452.

Again, the petition alleges that the plaintiff is the owner of and in the actual possession of the strip or tract of land in dispute. In the absence of evidence, we must assume that the trial court had evidence before it to justify its finding, and therefore properly rendered judgment accordingly.

The judgment of the district court will be affirmed.

All the Justices concurring.