Filed March 30, 1894.

———————◆———————

No. 16,682.

## CAYLOR v. LUZADDER.

SURVEY.—*Deficiency in Qr. Sec. as Shown by Original Survey and Plat. —How Proportioned.—Real Estate.*—Where, by original survey and plat of the surveyor-general, the east line of a qr. sec. was 38.05 chains in length, and the west line 38.48 chains, the half qr. line not being established, nor the corners thereof located, the plat assigning 20 chains to the east line and to the west line of said qr. at the south end thereof, and assigning 18.05 chains to said east line at the north end thereof, and 18.48 chains to said west line at the north end thereof, when, in fact, the east and west lines of said qr. sec. were each but 37 chains in length, and contained $6\frac{49}{100}$ acres less than shown by said original survey and plat, the original plat marking the southern portion of said qr. sec. as containing 80 acres, and the northern portion as containing $72\frac{49}{100}$ acres, and being so described by the government patents issued for each, and by various

other conveyances thereafter made,—the deficiency of $6\frac{49}{100}$ acres in said qr. sec. should be deducted proportionally from said north and south half quarters, upon the basis of 80 and $72\frac{49}{100}$ acres respectively.

From the Randolph Circuit Court.

E. L. *Watson* and J. E. *Watson*, for appellant.
J. W. *Thompson*, for appellee.

HACKNEY, J.—This was an appeal from a survey affecting the lands of the parties. Without moving to dismiss the appeal, or objecting to the record, the appellant appeared and joined in an agreed statement of facts, and asked the decision and judgment of the circuit court.

The absence from the record of a notice of the time of the survey affected the question of jurisdiction over the person of the appellant, and was waived by his appearance. There was a record certified by the surveyor, on appeal, which, though possibly informal, was sufficient to invoke the jurisdiction of the circuit court over the subject-matter. The submission of the cause without objection to the informality of the record and giving the appellee an opportunity to perfect the record, was a waiver of such informality. *Ricketts* v. *Dorrell*, 59 Ind. 427.

From the agreed facts it appeared that the appellant owned the south half and the appellee owned the north half of the northwest quarter of section one, township twenty one north of range twelve east. The dividing line between these two tracts is the disputed points in the case. By the original survey and the plat of the surveyor-general, the east line of said quarter section was 38.05 chains in length, and the west line was 38.48 chains, and while the half quarter line was not established, nor the corners thereof located, the said plat assigned twenty chains to the east line and to the west line

of said quarter at the south end thereof, and assigned 18.05 chains to said east line at the north end thereof, and 18.48 chains to said west line at the north end thereof. It is agreed that the east line of said quarter section was in fact but 37 chains in length, and the west line was but 37 chains in length, or that said quarter section contained six and $\frac{49}{100}$ acres less than shown by said original survey and plat. It is also agreed that said plat marked the southern portion of said quarter section as containing eighty acres, and the northern portion as containing seventy-two and $\frac{49}{100}$ acres.

The patent issued by the government for the south half of said quarter section described it as containing eighty acres, and that issued for the north half described it as containing seventy-two and $\frac{49}{100}$ acres, and the various conveyances thereafter so described said tracts.

The lower court found and adjudged upon the agreed facts that the deficiency of six and $\frac{49}{100}$ acres, in said quarter section, should be deducted proportionally from said north and south half quarters upon the basis of eighty and seventy-two and $\frac{49}{100}$ acres respectively.

The appellant insists that no part of said deficiency should be deducted from his tract, but that the whole thereof should be deducted from the north half of said quarter section upon the rule that interior lots in fractional sections shall be made to contain the legal number of acres, and that the deficiency or overplus is charged against or credited to the outer lots of such sections.

The principal case cited in support of that rule is *Keesling* v. *Truitt*, 30 Ind. 306. The rule is not questioned, and has been reaffirmed in *Grover* v. *Paddock*, 84 Ind. 244.

The application of the rule to the facts here involved

is the important question.   There seems to be a well
recognized distinction between this rule as applied to
original surveys, whether in the making of such surveys
or in allotting the deficiency or overplus when the cor-
rectness of such surveys is not questioned, and that
where such original surveys are found to have been er-
roneous or the original corners and lines are wholly lost.

This distinction was recognized in *Bailey* v. *Chamb-
lin,* 20 Ind. 33; *Jones* v. *Kimble,* 19 Wis. 452; *Moreland*
v. *Page,* 2 Clarke (Iowa), 139; *Westphal* v. *Schultz,* 48
Wis. 75; *James* v. *Drew,* 24 Am. St. Rep. 287.   See,
also, Hodgman's Land Surveying, p. 282, section 8, and
Dorr's Surveyor's Guide, pages 8, 12, 21, 22, and 23.

The surveyor-general was not required to, and did not,
locate the half quarter posts or line, and, having sur-
veyed the quarter, established the lines and located the
corners thereof, these defined irrevocably the boundaries
or limits of the quarter; the purchasers and the govern-
ment acted upon the assumption that the lines were cor-
rectly measured and returned by the deputy surveyor;
in this all were alike deceived; the length of lines is less
than that so acted upon and, by every principle of equity,
the deficiency should be borne by the several tracts in
proportion to the quantities so presumed to be contained
therein at the time of the purchase.

This theory has been expressly adopted by the com-
missioner of the general land office since June 2, 1887,
if not since an earlier period.   In the instructions of
Commissioner Sparks, of that date, it is said:    "In the
subdivision of quarter-sections, the quarter quarter cor-
ners are to be placed at points equidistant between the
section and quarter-section corners and between the
quarter corners and the common center of the section,
except on the last half mile of the lines closing on the
north or west boundaries of a township, where they

should be placed at twenty chains, proportionate measurement, to the north or west of the quarter-section corner.''

''Proportionate measurement'' is defined as ''a measurement having the same ratio to that recorded in the original field notes as the length of the chain used in the new measurement has to the length of the chain used in the original survey, assuming that the original measurement was correctly made.'' See Copp's Public Land Laws 1890, p. 1041.

We conclude, therefore, that the circuit court adopted the proper rule, and that its judgment should be affirmed.

Accordingly, the judgment is affirmed.

