CALVIN J. BROOKS V. EDGAR C. STANLEY.

FILED DECEMBER 17, 1902.  No. 12,374.

Commissioner's opinion, Department No. 3.

Line of Survey: REMOTE CORNERS: VARIANT LENGTH: PRESUMPTION.
Where, on a line of the same survey and between remote
corners, the whole length of which is found to be variant from
the length called for, it is not to be presumed that the variance
was caused from a defective survey of any part, but it must
be presumed, in the absence of circumstances showing the
contrary, that it arose from imperfect measurement of the
whole line, and such variance must be distributed between the
several subdivisions of the line in proportion to their respective
lenghts.

ERROR from the district court for Dawson county.
Action in ejectment. Tried below before SULLIVAN, J.
Judgment for plaintiff. *Reversed.*

*T. L. Warrington, W. A. Stewart* and *George W. Fox,*
for plaintiff in error.

*W. W. Smith* and *Hector M. Sinclair, contra.*

DUFFIE, C.

A dispute existed between the parties as to the location
of the quarter corner on the north side of section 18, town-
ship 10, range 24, Dawson county, Nebraska. Section 18
is a fractional section, and the plat of the government
survey, as well also as the field-notes, shows the distance
between the northeast corner and the northwest corner of
the section to be 79.42 chains; the northeast quarter of the
section being full, the north line thereof being forty chains
in length and the northwest quarter being fractional,
the north line of said quarter being but 39.42 chains in
length. The county surveyor being called upon to locate
this quarter corner, determined that, if ever established,
it had been lost; and upon a survey being made of the north
line of the section, it was found that instead of falling

short of one mile in length, as shown by the government plat and field-notes, it was 36 links more than a mile, making 94 links more than called for by the government plat and field-notes. The court held that in locating the corner, if the same was in fact never located by the government surveyor, or if the location of the same could not be ascertained, it was the duty of the county surveyor to locate it equidistant between the northeast and the northwest corners of the section, as this would give each of the parties ·more land than was conveyed to them· by their patents from the government.

From this it will be 'seen that the only question in the case is the correctness of the holding of the court. If the section were not fractional and if the government plat and field-notes showed the northeast and the northwest quarters of the section to contain each 160 acres, and the north line of each of these quarters to be of equal length, the rule adopted by the court would be correct and any excess found to exist on the actual survey of these two quarters would have to be equally divided between the parties. But this rule, we think, can not obtain where the government survey shows that one of the quarter sections is fractional. In such case the excess should be divided by each taking such a per cent. or proportion thereof as the line bounding his land bears to the line bounding the land of both the parties. In the present instance, the north line of the northeast quarter being an even 40 chains in length, while the north line of the northwest quarter is but 39.42 chains, the excess of 94 links should be divided between them in the proportion of 40 to 39.42. This rule, we think, is established by the weight of authority, and to our minds is the more equitable. *Moreland v. Page,* 2 Ia., 139, 153; *Martz v. Williams,* 67 Ill., 306; *Newcomb v. Lewis,* 31 Ia., 488; *Miller v. Topeka Land Co.,* 44 Kan., 354; *Caylor v. Luzadder,* 137 Ind., 319, 36 N. E. Rep., 909, 45 Am. St. Rep., 183; *Westphal v. Schultz,* 48 Wis., 75, 4 N. W. Rep., 136. In *Miller v. Topeka Land Co.,* above cited, it is said: "Where, on a line of the same survey and

between remote corners, the whole length of which is found to be variant from the length called for, it is not to be presumed that the variance was caused from a defective survey in any part, but it must be presumed, in the absence of circumstances showing the contrary, that it arose from imperfect measurement of the whole line, and such variance must be distributed between the several subdivisions of the line in proportion to their respective lengths." This is the doctrine followed in distributing an excess or a deficiency among the several lots of a block where an actual survey of a line of the block shows the distance from corner to corner to be greater or less than that shown by the plat. *Caylor v. Luzadder*, 137 Ind., 319; *Parks v. Boynton*, 98 Pa. St., 370; *O'Brien v. McGrane*, 27 Wis., 446.

If the quarter stake of the north side of section 18 was in fact located by the government surveyor, and such location can be ascertained, that corner will mark the defend-ant's boundary, regardless of any excess that may exist in a survey of the whole north line; the rule being imperative that the government corners can not be moved, and that the lines of each purchaser from the government are bounded by the corners established by the government survey.

We recommend that the judgment be reversed and the case remanded.

AMES AND ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the case remanded.

REVERSED AND REMANDED.