No. 20,797.

F. R. FITZPATRICK, *Appellee,* v. JOHN CROWTHER and JOSEPH CROWTHER, *Appellants* (J. W. CROWLEY, jr., et al., *Appellees*).

SYLLABUS BY THE COURT.

1. DEED—*Lots Described as "in Jones' Addition to City"—Plat of "Jones' Addition" Becomes Part of Deed.* A general warranty deed conveyed twenty-four lots described by numbers and as fronting on certain streets "all in Jones' addition to the city of Salina, Kansas." *Held,* the plat of the addition mentioned being then on record became a part of the deed for the purpose of identifying the property and for cer-tainty in the description to the same effect as if the reference to the addition had been followed by the phrase "according to the recorded plat thereof."

2. DEED—*Reference to Recorded Plat—No Guarantee of Dimensions of Lots as Stated in Plat.* A general warranty deed described the prop-erty conveyed as twenty-four lots, by numbers and as fronting on certain streets, "all in Jones' addition to the city of Salina, Kansas, according to the recorded plat thereof." *Held,* the recorded plat be-came a part of the deed as fully as though incorporated therein, but only for the purpose of identifying the property and rendering the description more certain, and the grantor did not by such reference to the plat thereby represent or guarantee the courses, distances, measurements or quantity of the lots to be as set forth in the recorded plat.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed April 7, 1917. Reversed.

*W. B. Crowther,* of Salina, for the appellants.

*C. W. Burch, B. I. Litowich,* and *LaRue Royce,* all of Salina, for appellee F. R. Fitzpatrick.

*Z. C. Millikin,* of Salina, for appellees J. W. Crowley, jr., and Edith Crowley Webster.

The opinion of the court was delivered by

PORTER, J.: This is a three-sided lawsuit. In October, 1913, Fitzpatrick, the plaintiff, purchased from John and Joseph Crowther twenty-four lots in Jones' addition to the city of Salina. Six months previous thereto the Crowthers had purchased the same twenty-four lots from J. W. Crowley, jr., and Edith Crowley Webster. Both conveyances were by general warranty deed, differing only in the way the property was described. The deed by which the Crowthers acquired title described the lots by numbers and as fronting on certain streets, "all in Jones' addition to the city of Salina, Kansas." The deed by which they conveyed title to the plaintiff described the lots in the same language as to number and frontage, "all in Jones' addition to the city of Salina, Kansas," with these words added: *"according to the recorded plat thereof."* The recorded plat of Jones' addition gave the measurement of each of the lots in question as 150 feet in width, and the length of the blocks was stated to be 1220 feet. In fact, the lots were each 134.8 feet wide and 1105 feet long.

Fitzpatrick paid the Crowthers $5000 for the property. After discovering the actual measurements of the lots and blocks by a survey, he brought this action to recover for the difference in quantity. The Crowthers answered by a general denial, and filed a cross-petition against their grantors, alleging substantially the same state of facts respecting their acquisition of title, and asked judgment against Crowley and Mrs. Webster for an abatement of the purchase price paid to them. The court made special findings of the facts, among which are: that the Crowthers, at the time they conveyed to Fitzpatrick, had no knowledge of any shortage; and that when they purchased from Crowley and Webster they paid $4935 as consideration for the lots. The plat of Jones' addition had been filed for many years prior to the execution of both deeds.

The shortage in the lots was found to be as already stated, and the court made the following conclusions of law:

"1. The reference to the recorded plat, in the Crowther deed, made the plat a part of the deed, and the grantors, defendants John Crowther and Joseph Crowther, thereby represented to plaintiff that the lots were 150 feet in width and the blocks 1220 feet in length.

"2. Plaintiff is entitled to recover from defendants John Crowther and Joseph Crowther the sum of Five Hundred and Four ($504.00) Dollars, with interest at six per cent per annum.

"3. Defendants John Crowther and Joseph Crowther are not entitled to recover from the defendants Crowley and Webster in this action."

The Crowthers appeal from the judgment against them in favor of plaintiff, and also from the ruling denying them a judgment against Crowley and Webster for the same shortage in the deed by which they acquired title to the lots.

There is no suggestion of fraud or unfair dealing in either of· the conveyances. The parties in each transaction had before them maps showing the plat of Jones' addition, and the grantors in each deed referred to the plat and called the purchaser's attention to the size and dimensions of the lots. The court placed its decision squarely upon the effect of the words "according to the recorded plat thereof," and held that the presence of these words in the deed to Fitzpatrick made the plat a part of the deed; that although the plat had been duly recorded in Saline county for many years, it became no part of the deed to Crowthers because of the absence in that deed of specific reference thereto.

The appellant concedes and it is well-settled law that where a deed refers to a former deed or to a plat the reference makes such former deed or plat a part of the deed. In 2 Devlin on Deeds, 2d ed., § 1020, it is said: "A deed, for a description of the land conveyed, may refer to another deed or to a map, and the deed or map to which reference is thus made is considered as incorporated in the deed itself." Among the cases cited in the note is *Miller v. Land Co.*, 44 Kan. 354, 24 Pac. 420. The patent in that case described the lands by the numbers of the government survey and stated the number of acres, followed by the words: "according to the official plat of the survey of said lands returned to the general land office by the surveyor general." (p. 356.) It was held that this reference to the government patent made the description in the United States survey a part of the deed.

But we think it clear that where a tract of land has been subdivided into lots and blocks and a plat thereof has been recorded a deed in which the property conveyed is described as certain lots or blocks in such addition shows as manifest an intention to treat the plat as a part of the description as if the words "according to the recorded plat thereof" were inserted in the deed. How else can the property conveyed be identified except by reference to the plat? For what purpose are town plats recorded except to identify the property comprising the town or the addition? The statute provides a penalty for selling or offering for sale any lot before a plat of the town or addition has been duly filed and recorded (Gen. Stat. 1915, § 6801), and provides that all lots intended for sale shall be accurately described "by numbers, and their precise length and width" set forth (Gen. Stat. 1915, § 6797). In 13 Cyc. 634 it is said: "Where a plat is referred to in a description in a deed it may be used to identify the land conveyed. . . . And although a map in a deed is not expressly referred to therein, it may be treated as a part of the description when it was evidently intended to be so treated." In the deed by which appellants acquired title it was intended certainly to treat the recorded plat as a part of the description, because there was and is no other way in which to identify the particular lots mentioned as being in Jones' addition except by reference to the recorded plat.

It is well settled that another instrument may be referred to for the purpose of identifying the property conveyed, although such instrument is not mentioned in the deed. This necessarily must be true in all cases where lots in an addition or in a town plat are described by lot and block number. In 13 Cyc. 628 it is said: "Another instrument may in some cases be construed with a deed as a part of the same transaction for the purpose of determining the identity of the property conveyed. And a recorded plat of lots may be construed with a deed in order to determine the dimensions of the property, or a town plan may be referred to."

The following description: "Gift Map No. 2, lots No. 308 to 405 inclusive," was held to be sufficient, "if there was a map of lands in San Francisco known as Gift Map No. 2." (*Pettigrew v. Dobbelaar*, 63 Cal. 396.) In *Young v. Cosgrove*, 83

Iowa, 682, lots were conveyed as lots 1, 2, 3, and 4 in Bayless' addition to the City of Council Bluffs. A plat of this addition was part of the public records when the conveyance was made, and the court held that obviously the grantors, by using the description of the plat then in existence, adopted the description of the plat, which in effect thereby became a part of the conveyance, and further held that the grantees "thus acquired title only to lots 1, 2, 3; and 4, which are of the dimensions *as shown by the plat.*" (Italics ours.)

There is, we discover, a dearth of authorities directly involving the precise question in the present case. In view of the common use which everywhere prevails of similar expressions in conveyances, it would seem that the question is one which might frequently arise. It appears to be one, however, of extreme novelty. The publishers of Words and Phrases and other legal dictionaries have taken great pains to define and cite judicial definitions of phrases such as "'according to law"; "according to equity"; "according to statute"; "according to the course of the common law"; "according to the course of business"; "according to conditions"; "according to established grade"; "according to discretion"; etc., but so far as we have been able to discover they have not seen fit to cite a judicial definition of the words "according to the recorded plat thereof." Many authorities are cited in the briefs stating the general rule, which is conceded, that a reference in a deed to a plat or another deed makes such plat or deed a part of the deed as though incorporated therein. The cases so far as we have examined them do not decide the precise question before us.

In our opinion there is no substantial difference between the two deeds in controversy. They conveyed exactly the same property, both as to quantity and identity. There is but one way by which the property described in either deed may be identified, and that is by referring to the plat of the addition mentioned in the description, which plat, the statute provides, shall be filed and recorded before any transfer of title. The court found that the plat of Jones' addition had been duly filed and recorded many years before the conveyances involved. In any controversy between the parties to either conveyance respecting the quantity or description of the property conveyed

the plat of Jones' addition would be competent evidence. Both deeds described the property by number as being in that addition. It would seem, therefore, that if plaintiff was entitled to a judgment for the abatement of his purchase money, his grantors were likewise entitled to a judgment against their grantors for an abatement of the price paid as a consideration for the first conveyance.

It is doubtless true that in the majority of instruments conveying town lots the description concludes with the words "according to the recorded plat thereof," or words of the same import. It being firmly established that such reference makes the plat a part of the deed the same as though incorporated therein, the question is, Does the grantor thereby guarantee the accuracy of the measurements, distances and quantities set forth in such plat? No rule of that kind obtains where the deed to the land refers to a patent issued by the United States, although by such reference the government plat and survey are thereby made a part of the deed as though incorporated therein. (*Miller v. Land Co.,* 44 Kan. 354, 24 Pac. 420.) The plaintiff, however, contends that the rule is different in conveyances of farm lands, because any deficiency shown to exist in lands of that character is or may be prorated between adjoining owners, and that the reason for a different rule in conveyances of town lots is found in the impracticability of prorating the deficiency. In our view, there is no substantial reason for a different rule as to the meaning of the doctrine that a reference to a recorded plat makes the plat a part of the deed as though incorporated therein, and the same doctrine as applied to another deed or to a government survey of lands. In either case the reference is for the purpose of identifying the property, and for that purpose alone the other deed or plat is considered as incorporated in the instrument. If the rule laid down by the trial court were to be adopted, it would, we think, astonish the legal profession of this state, and compel every grantor of lots in a town or subdivision, for his own protection, to insert in all such deeds a statement that courses, distances, measurements and quantities are not guaranteed.

The definition of "according" in Corpus Juris is: "agreeing; in agreement or harmony; harmonious." We think it is clear that the words "according to the recorded plat thereof" or

words of similar import often used, such as "as per recorded plat thereof" or "as shown by the recorded plat thereof," in a deed or conveyance means the same as "in harmony with the recorded plat," and that the grantor does not thereby represent or guarantee the measurements, courses, distances or quantities stated in the plat. These and words of like import make the plat referred to a part of the deed for the purpose of identifying the property and making the description certain; and further, in a conveyance of lots in a town or addition the recorded plat necessarily becomes for the same purpose a part of the deed without the use in the deed of the expression "according to the recorded plat thereof" or words of similar import.

The judgment is reversed and the cause remanded with directions to enter judgment against plaintiff for costs in favor of the Crowthers, and against them for costs in favor of Crowley and Webster.