On Rehearing.
Appellant’s motion for rehearing has been carefully considered, but we see no reason to recede from the view that the judgment should be affirnfed. It may be' well, however, to state more fully our views.
[6] The principle upon which this case was decided has in some cases been expressed as follows:
“On a line of the same survey between remote corners, the whole length of which line is found to be variant from the length called for, in re-establishing lost intermediate monuments, .as marking subdivisional tracts, we are not permitted to presume that the variance arose from defective survey of any part, but must conclude, in the absence of circumstances showing the contrary, that it arose from the imperfect measurement of the whole line, and distribute such variance between the several subdivisions of such line, in proportion to their respective lengths.” Moreland v. Page, 2 Iowa, 139; Newcomb v. Lewis, 31 Iowa, 488; McAlpine v. Reicheneker, 27 Kan. 257; Miller v. Topeka Land Co., 44 Kan. 354, 24 Pac. 420; Quinnin v. Reimers, 46 Mich. 605, 10 N. W. 35; Brooks v. Stanley, 66 Neb. 826, 92 N. W. 1013; Jones v. Kimble, 19 Wis. 429.
In this connection see the following Texas cases: Welder v. Carroll, 29 Tex. 317; Sellers v. Reed, 46 Tex. 377; Ware v. McQuinn, 7 Tex. Civ. App. 107, 26 S. W. 126; Knippa v. Umlang, 27 S. W. 915; Austin v. Espuela Land, etc., Co., 107 S. W. 1138; Johnson v. Knippa, 127 S. W. 905.
• It is true there are limitations upon and exceptions to this rule, as shown in a note upon the subject in Ann. Cas. 1912A, p. 1273, but they have no application here.
The town of San Elizario was incorporated in .1880. The land in controversy was a part .of a grant made to the inhabitants of San Elizario as per patent dated March 8, 1873. Mr. Garcia, a witness for appellant, testified that he was the first mayor of San Elizario and held that position three or four years. According to his testimony, the town of San Elizario decided to divide its un-apportioned land among its inhabitants and passed an ordinance to that effect. Mr. Wingo was the surveyor employed to survey the tracts set aside to the various inhabitants. Wingo was the man who surveyed the various parcels and platted same upon the map.
The town of San Elizario conveyed survey 143 to Juan De Aro by deed dated ’ March 10, 1882, reciting a consideration of $1. The appellee claims under De Aro.
The town of San Elizario conveyed survey 144 to Benito Caballero by deed dated March 4, 1882, reciting a consideration of $1. Appellant claims under Caballero.
*729 These conveyances apparently were made In pursuance of the distribution plan.
It is shown by the Wingo map that the tier of surveys-numbered 129 to 144, both inclusive, are contiguous to each other. The testimony of appellant’s witness Owen also shows this fact. The undisputed testimony of this witness further shows that lines and corners of the interior surveys cannot be located except by running course and distance, and that, beginning at the established corner of 120 and running the coursé and distance calls to the established corner of 144, it appears by actual measurement that the length of the Texas & Pacific base line is 167.5 varas greater than the field notes called for.' We reaffirm our original ruling that under the undisputed evidence the established corner of 129 is not to be given controlling effect over the equally well-established corner of 144, and that the lines and corners of the surveys east of 129 are not to be located by beginning at said corner of 129 and then run course and distance, thereby giving all of the excess to survey 144. This holding does not violate the rule that the footsteps of the surveyor must be followed in locating surveys. There was no issue in that respect to submit to the jury, for under the evidence it was impossible to follow his footsteps, and the excess had to be apportioned among all of the surveys under the rule announced.
Under the thirteenth, fourteenth, and fifteenth assignments it is asserted that the judgment gave appellant only 10 varas of the excess and 80.7 varas to appellee. This is not the effect of the judgment. It establishes the boundary between 144 and 143, a distance of 310 varas westerly from the east line of 144 instead of 300 varas, as called for in the original field notes of 144. It gives to 144 a width of 10 varas more than originally called for. The exact amount of the excess upon the base line to which appellant is entitled is 9.4 varas (30%322 of 167.5 varas = 9.4 varas). Thus the judgment gives appellant »/io of a vara more than he is entitled to. The judgment does not undertake to establish the westerly line of 143. The location of that line concerns only the appellee and the owner of 142. It does not concern appellant at all.
Appellant in his motion vigorously attacks the ruling that the owners of the other surveys were not necessary parties to this suit. He invokes the rule in partition suits which requires the joinder of all the owners. His insistence is that, since the excess is to be apportioned, it is in effect a partition, and all interested in the apportionment must be joined as parties.
[7] In partition the owners have undivided interests. These interests are to be established and set aside in severalty. But we think the interests in the excess of the owners of the other surveys is not undivided, but is owned by them in severalty. Their proportionate shares are dependent upon the width of their respective tracts, and therefore variable. The data by which the lines of the respective tracts may be located is a mere matter of mathematical calculation. The fact that they are variable does militate against the view that they own in severalty, and that the only issue between the various owners is that of boundary. In our conclusion upon the subject of parties we are fortified by the general rules of law as to necessary parties. The rule is that all persons interested in the object of a suit and whose rights will be directly affected by the decree must be made parties. The object of the present suit is simply to establish the boundary between surveys 143 and 144. The owners of the other surveys are not interested in that subject. In the establishment of the boundaries of their surveys the judgment rendered in this case is not binding upon them and can have no controlling effect whatever. Their rights are in no wise affected by it. So upon any view of the matter we do not regard these other owners as necessary parties to this suit.
In the original opinion it was said:
“The point at which the line was fixed by the court gave to survey 129 its proportionate share of the 167.5 varas excess.”
This reference to survey 129 was erroneous. It was intended to refer to survey 144. We have corrected the original opinion in the particular indicated.
The motion for rehearing is overruled.