City of Wellington v. Blecha.

No. 27,781.

THE CITY OF WELLINGTON, *Appellee,* v. JOHN BLECHA and PER-
MELIA ANN HENDERSON, Intervener, *Appellants.*

(266 Pac. 58.)

SYLLABUS BY THE COURT.

DEDICATION—*Evidence and Determination—Plat of Street.* A tract of land,
a part of the Osage Indian reservation, was preëmpted and entered by the
probate judge for the use and benefit of the occupants thereof. Afterwards
a large part of the tract was platted as a townsite. Later, the small part
remaining unplatted was platted as an addition to the townsite by the pro-
bate judge as trustee for the owners. According to the plat which was duly
acknowledged and certified by the probate judge, a street 40 feet wide, a
part of the addition, was laid out along the north side of the addition. The
lots fronting on this street were marked on the plat as being 144 feet long,
when, as a matter of fact, the remaining ground between the street laid out
and the south side of the addition only admitted of lots of the length of
115 feet. The street as platted was used by the public for many years.
Later the owners claimed title to the full quantity of lots, 144 feet from
the south side of the addition, which would extend the lots into and cover
a part of the street dedicated to the public. *Held,* under the facts stated in
the opinion there was a valid dedication of the street, and that owners of
the lots fronting on it had no right to encroach upon or obstruct the street.

Appeal from Sumner district court; OLIVER P. FULLER, judge. Opinion filed
April 7, 1928. Affirmed.

*D. N. Caldwell* and *J. S. Dey,* both of Wellington, for the appellants.

*W. T. McBride* and *E. J. Taggart,* both of Wellington, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by the city of Wel-
lington against John Blecha to enjoin him from obstructing a street
of that city. Upon the application of Permelia Ann Henderson, she
was made a party defendant in the action. On a trial the court
found that the street had been dedicated as a public street, that ob-
structions had been placed upon the street, and entered judgment
enjoining the defendants from encroaching on the street by the
placing of buildings or other structures upon it. Defendants appeal.

The controversy involves the platting of the North addition to
the city of Wellington. The tract of land which was a part of the
Osage Indian reservation was entered by the probate judge of Sum-

Dedication, 18 C. J. p. 112 n. 46; 8 R. C. L. 902.

ner county for the use and the benefit of the occupants of the tract. The tract included a half section, and a portion of the same was platted as the original townsite of the city, and this part extended north to Fifteenth street. There remained unplatted a strip of ground between Fifteenth street and the north line of the tract. This strip was surveyed, and the probate judge filed a plat of the strip designating it as the North addition to the city of Wellington. A copy of the plat will be found on the following page.

On October 17, 1872, the probate judge made and acknowledged the plat of the addition, and on the same day he made and delivered to the Wellington Town Company a deed conveying the tract, which included the lots numbered from 1 to 42, the designations on the plat indicating a street 40 feet wide along the north side of the addition, and the lots were marked as if they were 144 feet long, extending from Fifteenth street to the street on the north of the addition, and which is generally spoken of as Sixteenth street. The evidence shows, however, that the North addition, instead of being 184 feet wide, is only 155 feet at the east end, and gradually narrows as it approaches the west. In the deed to the town company, which was composed of six persons, as occupants, reference was made to the plat as filed in the office of the register of deeds, but the plat was not filed in the office of the register of deeds until October 28, 1872. On the day in which the plat was filed the town company conveyed to R. A. Davis several of the lots involved here. Blecha, who acquired a deed to several of the lots on August 30, 1919, traces his title to them through a number of conveyances in which reference was made to the recorded plat of the addition. It appears that the plat was duly acknowledged and certified by the probate judge, and it is admitted that the addition covers all the land between Fifteenth street and the section line on the north side of the tract entered by, and which had been patented to, the probate judge as trustee. The owner of the addition for whom the probate judge was acting owned no land north of the section line. While there was an inaccuracy in the dimensions or measurements of the lots, there could be no doubt as to the exterior lines of the addition. The street as platted extended the full length of the addition along the north end of the lots, and there is evidence that the street as laid out, on which defendants' lots fronted, has since been traveled and used by the public. While the figures on the plat indicate that the lots are 144 feet long between Fifteenth street

City of Wellington v. Blecha.

PLAT OF NORTH ADDITION TO WELLINGTON, SUMNER COUNTY, KANSAS

Recorded in Plat Book No. 1, p. 27, office of Register of Deeds

C St. *Continued below.*

18 17 16 15 14 13

60

Washington St. 100

24 23 22 21 20 19

FIFTEENTH STREET

Jefferson St. 100

25 26 27 28 29 30

F St. 60

31 32 33 34 35 36

G St. 60

37 38 39 40 41 42

40 60

H St.

A St. 60

144 1 2 3 4 5 6 60

B St. 60

144 7 8 9 10 11 12

FIFTEENTH STREET

40 60

C St. 60

[All lots 50 × 144 ft.]

Scale: 1 inch = 300 ft.

and the street in question, called Sixteenth street, some of them in fact are not more than 115 feet long, and defendants claim that they own and are entitled to the possession of lots extending 144 feet north of Fifteenth street, regardless of the location of the platted street. It must be held that there was a valid dedication of the street as platted, and that the right of the public is superior to the claims of the lot owners. As we have seen, the plat was acknowledged and certified conformable to the law. There was an inaccuracy in the dimensions indicated on the plat, but no error as to the outside boundaries of the addition. All the territory between Fifteenth street and the north side of Sixteenth street, and all which could be platted by the owners, was included in the plat. The defect is that there was not as much ground between the streets as the figures on the plat indicated. The town company was the actual owner of the land platted as an addition. They were the beneficiaries of the trust. In platting the ground the probate judge was acting for them, and the plat filed covered all the ground owned by them north of Fifteenth street. They had no right to expect the probate judge to convey to the company more land than had been occupied and claimed by them. The addition was all that remained of the tract preëmpted and entered by the probate judge.

Considerable is said about the delay of the probate judge in filing the plat, and that his deed to the town company was executed before the plat was filed. By the terms of the deed to the town company that company took title subject to the plat. The company was the actual owner of the addition, and the deed came from their own trustee. They made no complaint, and indeed could not complain, that there was a shortage in the lots, and it appears that no deed was made by them to strangers until the plat had been filed. At the instance of the owners, a strip of land forty feet wide was set apart and dedicated to the public for use as a street, and that part of it in front of the lots in question has been accepted and used as a street for years. If the town company had platted land to which they had the absolute title and had dedicated a street to the public, and in doing so had placed figures on the plat indicating that lots fronting on the street were of greater area than there was ground within the platted lines, it could hardly be contended that the owners could claim that the lots extended into the dedicated street

or that they could take from the street ground enough to make up for the shortage in the lots. If they could not encroach on the dedicated street their grantees could not, and no more can such a claim be asserted by the town company or their grantees where the platting was done through their trustee. There is no doubt as to the location of the street dedicated. The dedication was complete when the plat was filed, and so far as the area of the lots between the streets is concerned a shortage of ground did not invalidate the dedication of the street. In *Fitzpatrick v. Crowther,* 100 Kan. 355, 164 Pac. 300, there was a recorded plat of Jones' addition to the city of Salina, in which it was indicated that the lots were 150 feet wide and 1,220 feet long. In fact the lots were only 134.8 feet wide and only 1,105 feet long. The lots were conveyed to a purchaser by numbers "all in Jones' addition to the city of Salina, Kan., according to the recorded plat thereof." Discovering the shortage the purchaser sued his grantor for the difference in quantity. It was held that the plat referred to became a part of the deed for the purpose of identifying the lots, but that "the grantor did not by such reference to the plat thereby represent or guarantee the courses, distances, measurements or quantity of the lots to be as set forth in the recorded plat." Neither can the defendants here claim a guaranty that the lots platted by their predecessors, the town company, extended 144 feet south of the dedicated street by the mere fact that the figures on the plat indicated in fact a less quantity of ground existing between Fifteenth and Sixteenth streets.

We conclude that the plat definitely located the street, and that there was a valid dedication of the street to the public, and that having been recognized and used as a street for many years the owners of the lots fronting on the street have no right to encroach upon or obstruct it.

We find nothing material in the errors assigned on the rulings made during the trial nor any error in the judgment rendered by the court.

The judgment is affirmed.