PERELES and another, Appellants, vs. MAGOON, Executrix, and others, Respondents.

*October 17 — November 5, 1890.*

*Boundaries: Plat: Apportionment of excess in measurement.*

Where the actual frontage of a block exceeds the sum of the frontages of the lots therein as marked on the recorded plat, the excess should be apportioned among all the lots and not given to a single lot whose frontage differs from the others.

APPEAL from the Circuit Court for *Waukesha* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This is an action of ejectment commenced July 23, 1887, to recover a strip of land one foot in width from north to south, lying immediately north of the south line of lot No. 5, in block No. 68, in the Seventh ward of the city of Milwaukee, and extending the same width from the east to the

west boundary of said lot, with damages for the unlawful withholding of the same. The answer is in effect a general denial; the plea of another action pending; continuous, exclusive, and adverse possession for the period of twenty years; the statutes of limitation (secs. 4206–4215); and also new matter by way of estoppel *in pais*. The plaintiff replied a general denial to the counterclaim.

The counsel of the parties waived a jury, and upon the trial the court found, as matters of fact, in effect, that the original defendant, Henry S. Magoon, the testator of the defendants, had not at any time wrongfully occupied or unlawfully held the premises in dispute, or any part thereof, nor the possession thereof; and as conclusions of law, in effect, that the defendant was entitled to judgment dismissing the amended complaint upon the merits. From the judgment entered thereon the plaintiffs appeal.

It appears from the undisputed evidence that block 68 mentioned in the foregoing statement, together with other lands in the vicinity, were partitioned by commissioners duly appointed, and a decree of the court made in 1837. That it is therein stated that said commissioners had caused an accurate plat to be made of the premises so partitioned from an actual and accurate survey thereof, which said plat was thereunto annexed as a part of the report of said commissioners. That lot 5 in said block 68, and other lands, *according to and as designated upon said plat*, were therein allotted and assigned to one Winthrop W. Gilman, for himself, his heirs and assigns, in severalty forever. That from him the plaintiffs derived title through several mesne conveyances to the whole of said lot 5; that lot 6 in said block 68, *as designated on said plat*, is immediately south of said lot 5, and was therein allotted and assigned to one William S. Trowbridge, for himself, his heirs and assigns, in severalty forever. That from him the original defendant, Henry S. Magoon, derived title through several mesne convey-

ances to the north 31½ feet of said lot 6. That said block 68 upon said plat in partition contains twenty-three lots numbered from 1 to 23 inclusive; that eleven of those lots — being those numbered consecutively from 1 in the northeast corner to 11 in the southeast corner, inclusive — front easterly on Jefferson street, and twelve of them — being those numbered from 12 in the southwest corner to 23 in the northwest corner, inclusive — front westerly on Milwaukee street. That along the south end of said block runs Martin street easterly and westerly. That along the north end of said block runs Division street. That the distance, by actual measurement, from the southeast corner of said block 68 to the northeast corner thereof,— being the west line of Jefferson street between Martin and Division streets,— is 678 8-100 feet. That the distance, by actual measurement, from the southwest corner of said block to the northwest corner thereof,— being the east line of Milwaukee street between Martin and Division streets,— is 700 6-10 feet; that upon said plat are these words and figures: "All full lots are 60 feet wide and 127 feet deep. Streets are 80 feet wide, except Main street, which is 100 feet wide. Scale 200 feet to an inch." That upon the east end of said lot 1, on said plat, are the figures 74.6, and on the west end thereof the figures 86.5. That upon the west end of said lot 23, on said plat, are the figures 36.6; that, according to said plat, said block 68 only had a frontage on said Jefferson street of 674 6-10 feet — that is to say, 3 48-100 feet less than by said actual measurement. That, according to said plat, such frontage on Jefferson street was 60 feet for each lot, and no more, except said lot 1, which, according to said plat, had a frontage of only 74 6-10 feet. That, according to said plat, said block 68 only had a frontage on said Milwaukee street of 696 6-10 feet,— that is to say, 4 feet less than by said actual measurement. That, according to said plat, such frontage on Milwaukee street was 60 feet for each lot, and

no more, except said lot 23, which, according to said plat, had a frontage of only 36 6-10 feet.

For the appellants there was a brief by *Rietbrock & Halsey,* and oral argument by *L. W. Halsey.*

For the respondent *Isabella S. Magoon,* executrix, there was a brief by *Barnes & Barnes;* for the respondents *Richard H. Magoon* and others, heirs of Henry S. Magoon, deceased, there was a brief by *Shepard, Haring & Frost,* attorneys, and *Charles E. Shepard,* guardian *ad litem* and of counsel; and the cause was argued orally by *Charles E. Shepard* and *G. O. Barnes.*

CASSODAY, J.   The real controversy is as to the exact location of the line between lots 5 and 6 mentioned in the foregoing statement.   The defendants own the north 31½ feet of lot 6, and the building situated thereon, and the real question is whether that building extends over the north line of that lot onto lot 5.   The plaintiffs contend that it does for a distance of about one foot, while the defendants contend that it is wholly upon lot 6.   To use the language of the learned counsel for the plaintiffs, " the civil engineers and surveyors of both plaintiffs and defendants concur in measurements from landmarks on Martin street to the north line of lot 6.   The distinction to be drawn between them *is only in the apportionment made in the whole block.*   The plat shows that lots 2 to 11, inclusive, of block 68, are 60 feet frontage each on Jefferson street, *while lot 1 is marked 74 6-10 feet.*   The whole distance, therefore, from Martin to Division street by the plat is 674 6-10 feet, and by the measurement of the engineers the actual distance now found in the block, as occupied, is 678 8-100 feet."   He contends that such excess of frontage, to wit, the 3 48-100 feet, belongs wholly to said lot 1, notwithstanding its dimensions purport to be specifically given upon the plat, as well as all the other lots in the block.   If his contention

prevails, then it is conceded that the building of the defendants extends over the line and about one foot onto lot 5. The defendants contend that such excess should be apportioned among the several lots fronting on Jefferson street, according to their respective frontage. Had the plat given the specific dimensions of each of the several lots fronting on Jefferson street except lot 1, and given no dimensions of that, then such absence of the dimensions of that lot would have evinced an intention that it should include whatever should be left after setting off the several lots of which the specific dimensions had thus been given, whether the same should be more or less; but where, as here, the specific dimensions of each and all of the several lots fronting on Jefferson street are given upon the plat, and there is no lot in the block of which the specific dimensions are not thus given, there seems to be no substantial reason why such excess should be given wholly to one lot merely because its dimensions, as given upon the plat, differ from those of the other lots.

This court has repeatedly held, in effect, that where a piece of land is subdivided into lots, and a plat of the subdivision recorded, and the actual aggregate frontage of such lots is *less* than is called for by the plat, the deficiency must be divided among the several lots in proportion to their respective frontage as indicated by the plat. *Jones v. Kimble,* 19 Wis. 429; *O'Brien v. McGrane,* 27 Wis. 446; *Westphal v. Schultz,* 48 Wis. 78. This is certainly not inconsistent with sec. 770, R. S. These cases have been cited approvingly in a recent case in Kansas, where it is held that, " on a line of the same survey, and between remote corners, the whole length of which is found to be variant from the length called for, it is not to be presumed that the variance was caused from the defective survey in any part, but it must be presumed, in the absence of circumstances showing the contrary, that it arose from imperfect measurement of the

whole line; and such variance must be distributed between the several subdivisions of the line in proportion to their respective lengths." . *Miller v. Topeka Land Co.* 24 Pac. Rep. (Kan.), 420. To the same effect are *Moreland v. Page*, 2 Iowa, 139; *Newcomb v. Lewis*, 31 Iowa, 488; *Francois v. Maloney*, 56 Ill. 399; *Martz v. Williams*, 67 Ill. 306. The same principle maintains where the actual measurements are in excess of the dimensions specifically designated upon the plat, as ·in case of a deficiency. *Miller v. Topeka Land Co., supra; Witham v. Cutts*, 4 Me. 31; *Wolfe v. Scarborough*, 2 Ohio St. 361. In *McAlpine v. Reicheneker*, 27 Kan. 257, a tract of land had been partitioned by proceedings in the district court among several joint owners, and afterwards a question as to the correct location of the boundary lines among the several allottees arose, and it was, among other things, held that, "if no monuments were set, except theoretically on paper, the proper location of these monuments will be determined by prorating the distances as given in the records, according to the length of frontage of the several allotments. If the actual computed sum of the length of the several allotments, as given, exceeds the length of the tract partitioned, it will be construed that the decree means that, upon the hypothesis that the entire length of the whole tract is as stated, then the length of each assignment shall be as given; but if it be less, then the assignment of allotments must lose in like proportion."

Upon authority as well as reason, the trial court was clearly right in holding that the excess named should be apportioned among the several lots fronting on Jefferson street in accordance with their respective frontage. It follows that no part of the building of the defendants extended on to the lot of the plaintiffs, nor beyond the boundary of lot 6. The complaint of the plaintiffs is for unlawfully withholding a portion of lot 5, but the facts disclose that neither the defendants nor their testator ever possessed, occupied,

or claimed any portion of that lot, but only possessed, occupied, and claimed a portion of lot 6. This being so, it is obvious that the leases of portions of lot 5, in evidence, running to one or more of the remote grantors of the original defendant, are of no significance.

*By the Court.*— The judgment of the circuit court is affirmed.

TAYLOR, J., dissents.