BRACE, P. J.
This is an action in ejectment to recover a strip of land in the west half of the northwest quarter of section 36, toAimship 52, of range 35, in the county of Platte, contained within the folloAving metes and bounds: “Beginning at -a. point on the east line of said west half of the said northwest quarter 54 rods south of the section line, and running thence west 60 rods, thence south one rod, thence east 60 rods, thence north one rod to the place of beginning.” The petition is in common form. The answer is a general denial. The verdict and judgment Avas for the defendant, and the plaintiff appeals. The common source of title is William Porter, late of said county, deceased, who died seized and possessed of the west half o-f the northwest quarter of section 36, and the east half of the east half of the northeast *567 •quarter of section 35 in said township and range, which was disposed of by his last will and testament, admitted to probate on the 6th of February, 1852, as follows:
“It is also my will and desire that my said wife shall possess and enjoy my home tract of land, consisting of one hundred and twenty acres more or less, so long as she lives, and then my desire is that my three sons, namely, John, Enoch, and Thomas H. Porter, shall inherit by virtue of this will, said tract of land in the manner following, that is to say: I will to my son John Porter, forty acres of said tract on the north thereof so far as to include a spring of water thereon, and I will to my son Enoch the west half of the remaining •eighty acres of land; and I further will to my said son Thomas H. Porter the east half of the remaining eighty acres of land.”
In 1878, the defendant by deed from Thomas H. Porter acquired title to the 40 acre tract devised as aforesaid to the said Thomas H., and in 1891 the plaintiff by mesne conveyances acquired title to the tract devised to John. For many years prior thereto there had been a division fence between the tract of the plaintiff and the defendant. Thomas H. Porter, the defendant’s grantor, testified that in 1874 or 1875, he and Enoch Porter, plaintiff’s grantor, who then owned plaintiff’s tract, agreed on a line running east and west between the two tracts, and built this fence on that line, which was thereafter kept up as a division fence by the respective owners on each side of it, and when he sold to defendant in 1878, he showed defendant the fence and told him that was the boundary line between him and Enoch Porter. The fence remained on this line until July, 1895, when the defendant having theretofore had his tract surveyed by the county surveyor, and claiming that the fence was not on the true line, tore the same down, built a new fence about one rod further north, thereby inclosing with his own land, the strip about one rod wide and sixty rods long, herein sued for.
*568 (1) The parties to this suit and their grantors had continuously occupied and used their several tracts of land up to this old fence from the time it was first built, until it was removed by the defendant; recognizing it as the division fence between their premises for more than twenty years. The only defense that the defendant on the facte could make to plaintiff’s action was that the fence was not on the true dividing line between their premises. Nevertheless the defendant over the objections of the plaintiff, was permitted to introduce the evidence of three witnesses tending to prove that plaintiff had said in casual conversations with them, after this controversy arose, that he did not want to claim the land by adverse possession, that if he did not have a deed for it, he did not want it, and upon this evidence over the objections of the plaintiff, the court instructed the jury that, “if the jury believe from the evidence that the plaintiff does not claim the land in controversy on the ground of' adverse possession, then he can not recover in this case on the ground of adverse possession.” On the general issue in this action of ejectment the plaintiff had a right to rely upon any title the evidence might disclose (St. Louis Public Schools v. Risley, 28 Mo. 415); and in the admission of this evidence and in the giving of this instruction the court clearly committed error.
(2) There never has been a survey made, so far as the evidence in this case shows, under the will of William Porter, of the whole tract for the purpose of ascertaining the true dividing lines between the three sub-tracts devised by him to his sons. In contemplation of the testator the whole tract contained 120 acres, and each of his sons would get 40 acres. The only way' to carry out the intention of the testator is to ascertain by actual survey the number of acres in the whole tract, and then so run the dividing lines as to give to each subtract an equal number of acres. This has never been done. In the deed from Thomas H. Porter to the defendant his *569 tract was described by metes and bounds so as to contain 40 acres, and the county surveyor found by running the lines according to his deed, commencing at the southeast corner of the tract, that the north line of the defendant’s tract was two links north of the line on which the defendant built the new fence. In view of this evidence, the plaintiff asked the court to instruct the jury in substance that the metes and bounds of that deed could not limit the south boundary line of plaintiff’s land, and the court refused the instruction. In this the court committed error. Thomas H. Porter could not by his conveyance determine the true line between his and John’s tract. He could convey no more than he acquired under the will of his father, and the true boundary line between the two tracts is determined by the will, and not by the deed of any of the parties claiming under it.
(3) The evidence of the county surveyor tended to prove that there was a surplus in the west half of the northwest quarter of section 36, and the plaintiff asked the court to instruct the jury, in substance, that if they so found, the surplus should be divided between plaintiff and defendant in adjusting the true line. This the court refused to do, and therein committed error. If the surplus had been adjusted, the defendant’s new fence would have been found to be about eight links on the plaintiffs land, and he would have been entitled to recover that much of his land inclosed by the defendant.
That the errors noted were prejudicial to plaintiffs case, there can be no doubt, for on no other theory can the verdict for the defendant on the evidence be accounted for.
The judgment of the circuit court will therefore be reversed, and the cause remanded for new trial.
All concur.