[No. 8546.  Department Two.  June 30, 1910.]

A. A. BOOTH *et al.*, *Respondents*, v. WILLIAM E. CLARK *et al.*, *Appellants*.[1]

DEDICATION—PLATS—BOUNDARIES—EXCESS.  Where fifty-foot lots and the streets as marked on the plat occupy the entire space between the north and south boundaries of the tract, any excess would be apportioned among the lots; and an excess or strip of four and one-half feet along a boundary line could not be claimed by the plattors or those claiming under them.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 15, 1908, upon the verdict of a jury rendered in favor of the plaintiffs, in an action of ejectment.  Affirmed.

[1]Reported in 109 Pac. 805.

*William C. Keith*, for appellants.
*Robert F. Booth*, for respondents.

PARKER, J.—By this action the plaintiffs seek to recover from the defendants a strip of land about four and one-half feet wide, lying along the north line of section 6, block 6, of Haller's addition to Seattle. The cause was tried by the court with a jury, resulting in a verdict and judgment in favor of the plaintiffs. Defendants' motion for a new trial being denied, they have appealed.

The principal error claimed by learned counsel for appellants is the refusal of the court to direct a verdict in their favor. Squire Park addition lies to the north of and adjoining Haller's addition. Respondents own lot 6 in Haller's addition, which lot appears on the official plat of the addition to have the same northern boundary as the addition. Appellants claim that the strip in controversy lies between lot 6 and the boundary of the addition, and that it is not included in any lot; while respondents claim there is no such strip, but that the north line of lot 6 is the same as the north line of the addition.

Appellants acquired a quitclaim for this alleged strip from the heirs of the original owner of Haller's addition. In that deed the strip is described as lying along and adjoining lot 6 on the northerly side thereof. Appellants' title rests entirely upon this quitclaim deed, which was received by them after the owner of the addition had conveyed lot 6. All of the lots in Haller's addition are shown upon the official plat thereof as being fifty feet wide from north to south. This, with the widths of the streets of the addition marked upon each street upon the plat, shows the entire width of the addition from north to south, which corresponds with the width of the land described upon the margin of the official plat, by metes and bounds as being platted, within a fraction of an inch. Appellants' contention that this strip lies to the north of lot 6 rests upon certain evidence which

tended to show that the streets of the addition running east
and west had been actually laid out and improved upon the
ground by the city, about four and one-half feet south of
their location as claimed by appellants, who rely upon the
official plat. The survey by which this strip is found to
exist appears to rest entirely upon the present location of
the improved portions of the streets in the addition. There
is evidence tending to show that these streets were improved
in this manner in order to make them conform to the streets
in additions upon the east and west of Haller's addition. We
are unable to understand how the jury could have found
differently than they did.

Block 6 consists of lots 4, 5, and 6, and upon the official
plat these lots occupy the entire space between the north
line of the addition and the street next south therefrom.
These lots each are marked upon the plat as being fifty feet
wide, and there is nothing upon the face of the official plat
indicating that any deficiency or excess should be taken from
or added to any particular lot. So even if there is an excess
of four and one-half feet in the length of this block, no part
of such excess would fall outside of any particular lot.
Therefore any such excess should be apportioned among them.
In 5 Cyc. 973, it was stated in the text:

"Where a tract of land is subdivided and is subsequently
found to contain either more or less than the aggregate
amount called for in the surveys of the tracts within it, the
proper course is to apportion the excess or deficiency among
the several tracts."

This rule is supported by abundant authority. We are
clearly of the opinion that the verdict and judgment cor-
rectly determined the rights of the parties.

The judgment is affirmed.

RUDKIN, C. J., DUNBAR, MOUNT, and CROW, JJ., concur.