CITY OF JACKSONVILLE, a Municipal Corporation; EMILY FOZZARD and HARRY FOZZARD, her Husband, *Appellants,* v. ALBERT SIDNEY BROWARD, MONTGOMERY L. BROWARD, MAGGIE F. PARKER and BYRON PARKER, her Husband, *Appellees.*

Division B.

Opinion filed May 24, 1929.

Petition for rehearing denied June 25, 1929.

*Crawford & May* and *Austin Miller,* for Appellants;

*George C. Bedell* and *Chester Bedell,* for Appellees.

GIBLIN, Circuit Judge:

This is an appeal from an order of the lower court overruling the general demurrers of the appellants to a bill of complaint filed against them by the appellees. The appellants will be hereinafter referred to as the defendants and the appellees as the complainants.

It appears from the allegations of the complainants' bill that prior to the year 1884 John Broward died seized and possessed of large tracts of land in Duval County. In the year 1884 the heirs of John Broward, including the defendants, Emily Fozzard and Harry Fozzard, her husband, and the father and mother of the complainants, Albert Sidney Broward, Montgomery L. Broward and Maggie F. Parker, entered into a certain agreement and deed for the partition of the lands of which John Broward died seized and possessed. The agreement and deed were based upon a certain survey and plat of the lands theretofore made by one George C. Ellis. By the survey and plat a portion (known and designated as the Wilson and Fenwick grant) of the lands, was divided or attempted to be divided into a series of lots or parcels, lettered respectively from ''A'' to ''N'' inclusive, beginning at the eastern end of the grant and extending to the range line dividing ranges 26 and 27 east, and another series of lots or parcels lying west of the range line, lettered respectively from ''O'' to ''T,'' inclusive, and ''W.'' The dimensions and estimated acreage of each of the lots or parcels were indicated upon the plat. The dimensions of Lot ''N'' were shown to be 3.28 chains from east to west along the section line which constituted the northern boundary of the grant and the lot was shown to contain 11.10 acres. Lot ''N'' was shown on the plat to be bounded on the west by the range line. But by error or inadvertence the measurement from the eastern boundary of the grant to the range line was shown to be 154.62 feet less than the true

distance. The complainants allege that the survey therefore took no account of a tract of land lying immediately west of Lot "N" and between it and the range line, containing approximately nine acres.

In and by the agreement and deed of partition Lot "N" fell to the heirs of N. B. Broward, one of the heirs of John Boward. N. B. Broward had died prior to the execution of the agreement and deed. The defendant, Emily Fozzard, is a daughter and one of the heirs of N. B. Broward. Prior to the institution of this suit the other heirs of N. B. Broward conveyed to the defendant, Emily Fozzard, all of their right, title and interest in and to Lot "N."

It is alleged that the defendant, Emily Fozzard, contends that the tract of land erroneously omitted from the survey shall be taken and considered as a part of Lot "N"; and that she and the defendant Harry Fozzard, her husband, have entered into an agreement with the defendant City of Jacksonville to convey such tract of land to the municipality for the sum of $9,000. The complainants allege that such sum or the greater part thereof remains unpaid.

The complainants have brought their bill in their own behalf and in behalf of any persons in like interest who may join in this suit. They allege that the tract of land lying between Lots "N" and "O" has never been partitioned between the heirs of John Broward and that the complainants as heirs of John Broward are entitled to share in the proceeds of the sale of such tract, and that any sum paid or to be paid by the defendant City of Jacksonville to the defendant Emily Fozzard under the agreement with the municipality is to be taken and held in trust for the complainants and the other heirs of John Broward.

Assuming, but without deciding, that, in the circumstances alleged in the complainants' bill, there remains unpartitioned between the heirs of John Broward a tract of

land between the west boundary of Lot "N" and the east boundary of Lot "O," and that, therefore, the complainants, Albert Sidney Broward, Montgomery L. Broward and Maggie F. Parker, as heirs of John Broward, are co-tenants of the defendant, Emily Fozzard, who is also an heir of John Broward, we cannot concur in the view that in the alleged circumstances the proceeds of a sale of such tract by the defendant Emily Fozzard, who claims to be the sole owner of the tract, can be regarded as trust funds in which her co-tenants are entitled to share.

The defendant Emily Fozzard is not the holder of the legal or equitable title to the tract in dispute for the use and benefit of her co-tenants and herself. She holds nothing as to such tract other than whatever right, title, or interest therein was acquired by her under the agreement and deed entered into by the heirs of John Broward and the conveyances by the other heirs of N. B. Broward of their right, title and interest in Lot "N." She cannot be regarded as the agent of her co-tenants. She proposes or purports to sell nothing which belongs to them, but only that which she claims belongs to her. There is no contract between her and her co-tenants under which she is obligated to share the proceeds of the sale with her co-tenants. She may be in error in her contention that she is the sole owner of the tract in dispute, but there is nothing which she has done or can do to deprive her co-tenants of adequate relief and remedy. They still have the legal title to their respective nterests in the tract and may have their remedy by ejectment or partition. And there is nothing which the purchaser has done or can do to deprive the complainants of their relief and remedy. It can acquire no greater right, title or interest in the tract that that which the defendants Emily Fozzard and Harry Fozzard, her husband, can convey to it. If it is willing to pay $9,000 for such right, title or interest to its

grantors there is no reason why the grantors, who can convey only what they have and who have a perfect right to convey what they have for such price as they may obtain, should share such price with others whose right, title or interest was not sold merely because such others, regarding the price as a good one, are willing to forego their right, title or interest for a share of the price.

The conclusion we have reached is supported by the well-reasoned decision of the Supreme Court of North Carolina in the case of Milton v. Hogue, 39 N. C. 415, 4 Iredell's Equity Cases 415. In the cited case the court said: "Without a contract between the parties, the sale of the whole tract of land and receipt of the price by one tenant in common, does not turn him into a trustee for a co-tenant; as the latter still has the legal title to his own share and can have redress on it at law."

We are therefore of the opinion that the chancellor below erred in overruling the defendants' demurrers to the complainants' bill.

The order appealed from is reversed and the cause is remanded with directions to the lower court to sustain the defendants' demurrers and dismiss the complainants' bill.

WHITFIELD, P. J., AND BUFORD, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.

STRUM, J., disqualified.