CITY OF JACKSONVILLE v. A. S. BROWARD, *et al.*

163 So. 229.

Opinion Filed September 16, 1935.

Rehearing Denied October 1, 1935.

*Austin Miller* and *Emmet Safay,* for Appellant;

*Bedell & Bedell* and *Cockrell & Cockrell,* for Appellees.

TERRELL, J.—This controversy arises over the distribution of an excess found to exist in the J. Fenwich and S. Wilson Grants long after the plat thereof was executed and placed of record. The bill of complaint filed by appellant, City of Jacksonville, prays that it be decreed to be the owner in fee of Lot "N" of the subdivision of the J. Fenwich and S. Wilson Grants, Sections 44, 45 and 47, Township One, South Ranges 26 and 27, as shown by the plat of said subdivision recorded in Plat Book One, page 8, of the former public records of Duval County, as the said Lot "N" would lie if the excess in controversy were apportioned among all the lots of the subdivision according to their respective widths and that plaintiff's title be quieted against the claims of defendants. The bill further prays that defendants and each of them be restrained from asserting any right or title in said lands or from prosecuting any action to obtain possession of or to establish their right in any of said lands.

The defendants who are appellees here, duly exhibited their answer to the bill of complaint in which they contend that under the existent facts the title to the excess is vested in appellant and appellees as tenants in common and that appellant is now estopped to contend that it should be apportioned among the several lots in proportion to their re-

spective widths. A master was appointed, testimony was taken on the issue thus raised, and on final hearing he decreed that the excess had never been apportioned and that title thereto was vested in appellant and appellees as tenants in common. This appeal is from that decree. For a discussion of other phases of this case see 97 Fla. 885, 122 So. 521, and 109 Fla. 79, 146 So. 671.

Several questions are exemplified for us to resolve, but they all turn on whether or not the final decree of the chancellor was erroneous.

The record discloses these pertinent facts: that the J. Fenwich and S. Wilson Grants in Sections 44, 45, and 47, Township One, South Ranges 26 and 27, East, Duval County, were platted and subdivided and that the portion of said Grants lying East of the Range Line was divided into fourteen lots numbered "A" to "N" inclusive, the dimensions of each lot being shown on the plat. At the time it was platted the entire subdivision was partitioned among the heirs of John Broward. It was then thought to have a width of 5293.8 feet and was so platted and plat thereof recorded. Many years later (fifty, so appellant contends) it developed that instead of the width being 5293.8 feet it was 5448.4 feet or an excess of 154.62 feet, the latter being the excess on which this litigation is predicated. In December, 1925, appellant acquired the fee to Lot "N" which was shown on the plat to be 216.48 feet in width, bounded on the East by Lot "M" and on the West by the Range Line.

Appellant now contends and its bill prays that the 154.62 feet excess be apportioned among the several lots in the subdivision in proportion to their respective widths and that it be decreed to be the owner in fee of Lot "N," including its proportionate part of the excess and that the Western boundary of Lot "N" be decreed to be the Range Line as

shown by the plat and deed of partition among the heirs of John Broward. Appellees counter with the contention that the 154.62 feet excess is vested in appellant and appellees as tenants in common and that appellant is estopped to contend that said excess should be apportioned among the several lots in proportion to their respective widths.

To support its contention appellant relies on the rule stated in 4 R. C. L. 115, as follows:

"When division lines are run splitting up into parts larger tracts it is occasionally discovered that the original tract contained either more or less than the area assigned to it in a plan or prior deed. Questions then arise as to the proper apportionment of the surplus or deficiency. In such cases the rule is that no grantee is entitled to any preference over the others, and the excess should be divided among, or the deficiency borne by, all of the smaller tracts or lots in proportion to their areas. The causes contributing to the error or mistakes are presumed to have operated equally on all parts of the original plat or survey, and for this reason every lot or parcel must bear its propotionate part of the burden or receive its share of the benefit of a corrected re-survey. This rule for allotting the deficiency or excess among all the tracts within the limits of the survey may be applied where the original surveys have been found to have been erroneous, or where the original corners and lines have become obliterated or lost.

"If the lines of a survey are found to be either shorter or longer than stated in the original plat or field-notes, the causes contributing to such mistakes will be presumed to have operated equally in all parts of the original plat or survey, and hence every lot or parcel must bear the burden or receive the benefit of a corrected resurvey, in the propor-

tion which its frontage as stated in the original plat or field-notes bears to the whole frontage as there set forth." Pereles, *et al.*, v. Magoon, *et al.*, 78 Wis. 27, 46 N. W. 1047; 23 A. S. R. 389. "This rule applies to government surveys." James v. Drew, 68 Miss. 518, 9 So. 293; 24 Am. St. Rep. 287.

The foregoing rule is approved in Porter v. Gaines, 151 Mo. 560, 52 S. W. 376; Mosher v. Berry, 30 Mo. 83, 50 Am. Dec. 614; Marsh v. Stephenson, 7 Ohio St. 264, 70 Am. Dec. 72; Booth v. Clark, 59 Wash. 229; 109 Pac. 805; Choppin v. Menson, 144 Ky. 634, 139 S. W. 850; Clark on *Surveys and Boundaries,* Chap. 180, page 161.

Appellees do not challenge the rule as thus approved, but contend that the facts of this case not only take it out of. that rule, but warrant the decree of the chancellor holding the excess to be vested in appellant and appellees as tenants in common.

The facts relied on by appellees to support the decree below are: (1) The deed of partition covers only the John Broward Grant and certain other lands, but not all their lands. The excess being nine acres, is one of several parcels owned by the Broward heirs not covered in the partition deed. (2) The lands described in the partition deed under which appellant deraigns title were valued by the acre, so that owelty was necessarily resorted to to equalize the portions received by the respective parties in the lands partitioned. (3) The maker of the plat gave the designation "A" to the easternmost lot. Beginning at the eastern boundary and giving to each of the lettered lots its platted width and acreage leaves the nine-acre parcel in question which was not taken into account in the actual partition. (4) That the platter actually commenced his measurements from the northeast corner is confirmed by the location of old Broward

stakes along the north line of the Fenwich Grant, and by actual location, occupation, and improvement for many years by the several lot owners, including the appellant. (5) The nine-acre excess was known to appellant in 1912 long before it purchased Lot "N." (6) Appellant purchased Lot "N" with notice of the excess and as part of the transaction attempted to purchase the excess by warranty deed from the owner of Lot "N" who then claimed to be the sole owner of the excess. By special warranty deed to the City the excess is located between Lot "N" and adjoining Lot "O." In its subsequent dealings with the Bayshore Company and the United States Government the appellant recognized such location of the excess. (7) The appellant purchased, improved, and still holds possession of Lot "M" according to boundaries established by the original plat and survey without offering to change the eastern boundary of Lot "M" or to remove its improvements (a zoo and sewer) from that portion of Lot "M" which, if the excess should be apportioned, would constitute a part of Lot "L."

The application of the rule as contended for by appellant in all cases depends on the causes that contribute to the error in the survey or plat and like most other well settled rules has its exceptions. The facts as above related and relied on find support in the pleadings and the proof and we are impelled to the conclusion that they were sufficient to support the decree of the chancellor.

The final decree is accordingly affirmed.

Affirmed.

WHITFIELD, C. J., and BROWN, BUFORD and DAVIS, J. J., concur.