177 So.2d 261 (1965)
CITY OF POMPANO BEACH, a municipal corporation authorized under the Laws of the State of Florida, Appellant,
v.
Raymond R. BEATTY et al., Appellees.
No. 5088.
District Court of Appeal of Florida. Second District.
July 7, 1965.
Rehearing Denied July 29, 1965.
*262 James M. Crum of McCune, Hiaasen, Crum & Ferris, Fort Lauderdale, for appellant.
Stuart G. Nelson of Sullivan, Cochran & Ranaghan, Pompano Beach, for appellees.
ANDREWS, Judge.
The City of Pompano Beach appeals a final decree requiring it to remove improvements placed upon the south ten feet of the property of plaintiffs on the north side of Atlantic Blvd., formerly Ocean Blvd., and the north ten feet of the property of the plaintiffs on the south side of Atlantic Blvd., or in the alternative, that the city bring condemnation proceedings on the subject property.
The controversy is the result of a dispute as to the width of Atlantic Blvd. in Pinehurst, a subdivision in the City of Pompano Beach, the plat for which was recorded on October 24, 1924. The description of the property contained within the subdivision is as follows:
The SE 1/4 of the SE 1/4 of Section 36, Township 48 South, Range 42 East, and the SW 1/4 of the SW 1/4 of Section 31, Township 48 South, Range 43 East, and a subdivision of Lots 1, 2, 5, 6 & 8 of Lot 3 as recorded in Plat Book "B", page 76, Public Records of Dade County, and Lots 3 and 4 of Lot 4, as recorded in Plat Book "B", page 76, Public Records of Dade County.
As is typical of plats filed in the early and middle 1920's, the plat was not drawn to scale, and contained no permanent reference marker from which to establish a point of beginning for the subdivision.
The plat as recorded shows Ocean Blvd., now Atlantic Blvd., an east-west street, to have a width of 100 feet, and the lots on all the blocks which front on the north side to have a north-south dimension of 150 feet.
The defendant City had for many years recognized that it had a right-of-way of 80 feet in that it placed water mains and other utilities under said street within said 80-foot width. On the other hand, the developers of the subdivision and later owners had placed sidewalks at the outer edge of the space within 50 feet of the center line of the street. There was adequate, competent testimony to the effect that for many years registered surveyors in making surveys of individual lots facing Atlantic Blvd. have shown the street to have a right-of-way width of 80 feet, that is, 40 feet on each side of the center line. The surveyors who made the surveys established to their satisfaction the width of the street, and in doing so, relied upon stakes and pipes marking corners that were apparently placed by *263 the surveyor who made the original survey for the subdivision. The facts were not uncontradicted in that there were others who considered the street to be the 100-foot width as shown on the plat. The conveyances of the lots along Atlantic Blvd. were usually by lot and block without any reference to the size of the lots.
From a study of the survey as originally recorded it is possible to draw certain conclusions as to the cause of some of the discrepancy in the survey of the subdivision and the resulting disagreement between the parties. The plat shows the west boundary of the SE 1/4 of the SE 1/4 of Section 36, Township 48 South, Range 42 East, to be 1322.6 feet. By adding the width of the streets and the lot depths and widths which parallel said boundary, the total distance allocated within said area is 1337.4 feet, or an excess allocation of distance to lots and streets of 14.8 feet. In the same manner it can be determined that one-half mile east in the same subdivision the allocation of distance to lots and streets exceeds the available dimensions by 14 feet. Such is obviously impossible.
Due to the fact that the quarter section lines are not shown on the plat for that part south of Atlantic Blvd., it is impossible to make a similar comparison of such parts of the plat. However, the record does disclose that Block 19 of Pinehurst was re-platted in 1954 and showed the north lot lines on Atlantic Blvd. to be 50 feet from the center line, and showing the adjoining blocks not platted to be 40 feet from the center line to the property line of said property.
The Court may upon a finding that a governmental agency with power of Eminent Domain has constructed improvement on private property be required to remove the improvement or proceed to exercise its power of Eminent Domain as a method of restitution and determination of just compensation for the property taken. Broward County v. Bouldin, Fla.App. 1959, 114 So.2d 737.
It is a well established rule that an excess or deficiency by reason of an error of the surveyor who made the original plat or by inaccuracies therein, such deficiency or excess must be apportioned among all lots and blocks according to their apparent size as shown on the plat. City of Jacksonville v. Broward, 1935, 120 Fla. 841, 163 So. 229; Clark on Surveying and Boundaries, 2d Ed., § 189. This rule, like most well settled rules, has its exception in a situation where its application is impractical or there are facts and circumstances that are otherwise controlling. City of Jacksonville v. Broward, supra; Oneacre v. Moore, 1937, 119 W. Va. 10, 191 S.E. 862.
The chancellor entered a complete and comprehensive final decree detailing much of the testimony, issues and contentions, recognizing the conflicts of fact, and stating his findings of fact and conclusions of law. This procedure is most helpful to an appellate court. The chancellor determined that the plaintiff's surveyors had located the stakes and monuments of the original survey of Pinehurst and from this finding of fact, admittedly controverted, the chancellor properly concluded that the original survey found on the ground must prevail over the plat. Clark on Surveying & Boundaries, §§ 535, 536; Akin v. Godwin, Fla. 1950, 49 So.2d 604. This established the width of Atlantic Boulevard to be only 80 feet on the ground even though the plat showed 100 feet.
The chancellor found that the city failed to prove its affirmative defense of laches and that the city had failed to carry its burden of proving a prescriptive easement by maintenance of a width in excess of the 80 feet width found to be the actual width of the street on the ground. The evidence to establish such a prescriptive easement must be clear and positive as to all the essential elements and the chancellor found an absence of such proof both as to time and as to width.
*264 There is substantial competent evidence in this record to support the findings of fact of the chancellor and his conclusions of law based upon the facts as he found them are correct. Downing v. Bird, Fla. 1958, 100 So.2d 57, and State Road Dept. v. Lewis, Fla.App. 1963, 156 So.2d 862.
Affirmed.
SHANNON, Acting C.J., and SMITH, J., concur.