WALDEN, Judge.
This is a dispute as to the boundary between two lots in a platted residential subdivision.
Plaintiffs owned Lot 30 and defendants owned Lot 7, per plat reference, and there is no issue as concerns their ownership or title to such lots. Each lot was platted with a width of 50' and a depth of lOO. The lots abutted on the rear, having a common rear *853 lot line across their 50' width. Lot 7 fronted on Lucky Street and Lot 30 fronted on Booker Street, The plat appeared as follows:

The problem arose when it was discovered that, due to original plat error, the distance between Lucky Street and Booker Street in this area was only, in fact and on the ground, approximately 140', instead of 200', as shown on the printed plat. What this, of course, means is that there is a deficiency or shortage of sixty feet as concerns the total length of the two lots. Of necessity it must be borne by either the plaintiffs or the defendants, or shared by them, in the measurement of their actual respective lot lengths.
To state the consequences clearly, plaintiffs would visit the error entirely upon the defendants, so that plaintiffs would have a 100' lot (more precisely, they are only claiming 95') and defendants would have a 40' lot. Plaintiffs were successful in this endeavor and, via adverse possession proceedings, were able to obtain the appealed judgment, which we reverse. On the other hand, defendants, appellants, ask only that the deficiency be apportioned to the end that each would have a 70' lot.
The well established rule to be applied in such cases was first mentioned in Florida in City of Jacksonville v. Broward, Fla.1935, 120 Fla. 841, 844, 163 So. 229, 230, in quoting from 4 R.C.L. 115, as follows:
“ ‘When division lines are run splitting up into parts larger tracts it is occasionally discovered that the original tract contained either more or less than the area assigned to it in a plan or prior deed. *854 Questions then arise as to the proper apportionment of the surplus or deficiency. In such cases the rule is that no grantee is entitled to any preference over the others, and the excess should be divided among, or the deficiency borne by, all of the smaller tracts or lots in proportion to their areas. The causes contributing to the error or mistakes are presumed to have operated equally on all parts of the original plat or survey, and for this reason every lot or parcel must bear its proportionate part of the burden or receive its share of the benefit of a corrected resurvey. This rule for allotting the deficiency or excess among all the tracts within the limits of the survey may be applied where the original surveys have been found to have been erroneous, or where the original corners and lines have become obliterated or lost.’ ”
And there the Court further recorded:
“If the lines of a survey are ‘found to be either shorter or longer than stated in the original plat or field notes, the causes contributing to such mistakes will be presumed to have operated equally in all parts of the original plat or survey, and hence every lot or parcel must bear the burden or receive the benefit of a corrected resurvey, in the proportion which its frontage as stated in the original plat or field notes bears to the whole frontage as there set forth.’ Pereles et al. v. Magoon et al., 78 Wis. 27, 46 N.W. 1047, 23 Am.St.Rep. 389, 392, note.”
The rule was further mentioned with approval in City of Pompano Beach v. Beatty, Fla.App.1965, 177 So.2d 261.
In other words, where there is such deficiency caused by plat error, the respective grantees are treated equally and any surplus or deficiency is prorated or apportioned between them. See 4A Fla.Jur., Boundaries, § 6; 12 Am.Jur.2d, Boundaries, § 63; 11 C.J.S. Boundaries § 124; 1 R. Boyer, Florida Real Estate Transactions, § 13.08 (1971); and 6 G. Thompson, Commentaries on the Modern Law of Real Property, § 3053 (perm. ed. repl. 1962).
The record does not disclose any basis for an exception to this in that its application would not be impractical and there are no facts and circumstances which would be otherwise controlling. City of Jacksonville v. Broward, supra, and City of Pompano Beach v. Beatty, supra. Neither has there been any establishment of a boundary by agreement or acts of the parties. See 12 Am.Jur.2d, Boundaries, § 77 et seq. We are satisfied that the testimony as to the existence of a fence at the 95' mark was not of such weight and dignity as to make the application of the apportionment rule inappropriate.
We think this rule of law is clearly applicable and determinative of the issue. Under it the deficiency must be apportioned and borne equally by the parties.
How about adverse possession? Was it available to plaintiffs under the circumstances of this case? We think not. Under the operation of the aforementioned apportionment rule, the plaintiffs will have color of title to only Lot 30 and the quantity of land as apportioned which would be a lot with dimensions of 50' X about 70'. Thus, they would have no color of title to the defendants’ Lot 7 with its apportioned dimensions of 50' X 70'. See F.S. 95.16 and 95.17, F.S.A., Laws of 1969. Also, since plaintiffs’ title to Lot 30, as apportioned, is not disputed, there is no basis for an adverse possession suit.
The judgment is reversed and the case remanded with instructions to apportion the deficiency equally between the mentioned Lots 7 and 30.
Reversed and remanded.
REED, C. J., and MELVIN, WOODROW M., Associate Judge, concur.