RYDER, Acting Chief Judge.
The Department of Transportation (DOT) challenges the trial court’s judgment holding that it encroached and trespassed on the Borsjes’ property in this action brought by the Borsjes for an injunction and money damages. We reverse.
The Borsjes own Lots 1, 2, 3 and 4 in Block A of Breeze Hill subdivision in Clear-water. Breeze Hill was platted in 1925. The plat indicates that the government section line for the N.W. lk of the S.W. Vi of Section 14, Township 29 South, Range 15 East is established in the center of Chestnut Street (n/k/a Court Street).
In 1979, the state brought an eminent domain action against the Borsjes and acquired a triangular parcel of land located at the northeast corner of Lot 1 of the Borsjes’ property. Prior to entering a final judgment in the case sub judice, the trial judge ruled that an additional survey was needed to reestablish the permanent monument at the northeast corner of Borsjes’ Lot 1. From this, the triangular piece of property acquired by DOT could be reestablished, thereby indicating whether its construction encroached on the Borsjes’ property.
By letter dated June 14, 1989, the Borsjes’ counsel wrote to the trial judge stating that their surveyor had updated his survey. A copy of the updated survey along with a proposed final judgment was also enclosed. DOT objected to this procedure in a letter dated June 19, 1989. On July 5, 1989, the trial court entered the final judgment as proposed by the Borsjes’ counsel, holding that DOT encroached and trespassed on the Borsjes’ property. The final judgment refers to the updated survey submitted by the Borsjes’ counsel, which the trial court filed simultaneously with the final judgment.
The updated survey submitted by the Borsjes’ counsel constitutes improper ex parte communication. Grenell v. Scott, 134 So.2d 866 (Fla. 2d DCA 1961). Not only did the judge allow the introduction of this ex parte evidence, but he also considered it in making his final judgment, over the objection of DOT. Black letter law has established that this constitutes reversible error. Cohan v. Cohan, 458 So.2d 405 (Fla. 3d DCA 1984); McGuire v. McGuire, 140 So.2d 354 (Fla. 2d DCA 1962).
Even if we had not reversed this case on the ex parte communication issue, we would reverse on the second issue concern *914 ing the establishment of the parties’ boundary lines.
From 1948 to the present, numerous surveys have been conducted on various lots in Block A of the Breeze Hill subdivision. The majority of these surveys indicate that a deficiency exists between the measured distances on the plat and the distances measured on the actual land. The established rule regarding deficiency or surplus is that it be apportioned or prorated between the lots within that block. See Madison v. Haynes, 264 So.2d 852 (Fla. 4th DCA), cert. denied, 270 So.2d 14 (Fla.1972).
As a general rule, the width of a road or public right-of-way should not be changed once it is dedicated. C. Brown, W. Robillard & D. Wilson, Boundary Control and Legal Principles, p. 137 (3d ed. 1986). The Borsjes’ surveyor, Mr. Shimp, began his measurement of the lots in question from the southern boundary, then followed the distances established by the plat and measured north up to Court Street. This measurement results in the Borsjes’ property encroaching upon the public right of way of Court Street.
We are satisfied that Shimp’s survey and the plat is subordinate to the original government section lines. Rivers v. Lozeau, 539 So.2d 1147 (Fla. 5th DCA), review denied, 545 So.2d 1368 (Fla.1989). Shimp’s survey was not competent, substantial evidence upon which the trial court could base its decision in this case.
Although it was alleged at oral argument that the center of Court Street was located by DOT’s surveyor, it is difficult from this record to determine whether the government section line of Section 14 was established by the surveyor.
The trial court was correct in ruling that it is necessary to reestablish the property which DOT acquired, but the measurement should begin from an established government monument, rather than plat monuments. Rivers. The section line of the N.W. ⅝ of the S.W. ⅛ of Section 14 must be established. From this section line, a measurement of fifty feet to the south should be taken to reestablish the permanent monument at the northeast corner of Lot 1 of the Borsjes’ property. From this monument it can be established what property DOT acquired in the previous condemnation action by using the measurements set forth in the stipulation which resolved that previous case.
The case is reversed and remanded with directions to the trial court to order a resurvey to establish the section line of the N.W. ¾⅛ of the S.W. ¼ of Section 14, Township 29 South, Range 15 East and for further proceedings consistent with this opinion.
Reversed and remanded.
FRANK and ALTENBERND, JJ., concur.