FRANK, Judge.
The predecessors in title to the Shimps sued the predecessors in title to the Brinsons in this dispute over the correct boundary between their respective properties in the R.E. Gause Subdivision in Palm Harbor, Florida. The Shimps and the Brin-sons were ultimately substituted as the litigants. At one point all property owners in the subdivision were joined in the litigation but because this is an action in ejectment the trial court correctly dismissed all parties whose property did not abut the disputed footage. Stark v. Marshall, 67 So.2d 235 (Fla.1953); Barba Investment Co. v. Walker, 350 So.2d 509 (Fla. 1st DCA 1977). After a non-jury trial -the Shimps prevailed and the trial court ordered the Brinsons to remove a fence allegedly encroaching fourteen feet into the Shimps’ property. Relying upon Tyson v. Edwards, 433 So.2d 549 (Fla. 5th DCA 1983), pet. for review denied, 441 So.2d 633 (Fla.1983), the court held that “[rjegardless of any errors which may have been committed by the original surveyor of R.E. Gause’s subdivision, this court must ... honor the monuments placed on the land by the original surveyor, which have been occupied by the owners of property in the subdivision as the true lot lines.” The Tyson case, for *1106 the reasons set forth below, does not control this controversy. Thus, the court erred and we reverse.
The principle of Tyson v. Edwards comes into play only when there exists a discrepancy between the subdivision plat and the original survey. In such a situation the monuments placed on the ground by the original surveyor control over the written plat. That which the surveyor actually did rather than what he might have intended is the primary consideration. Tyson, 433 So.2d at 552. In the Brinson/Shimp dispute, however, our review of the record indicates that there was absolutely no evidence of the monumentation of the original surveyor. Numerous surveys were discussed or admitted into evidence, yet not one expert testified that any monument upon which he relied was placed there by the original surveyor. Shimp relied heavily upon an “ancient fence line” to establish the western boundary of the subdivision, but neither Shimp, himself a surveyor, nor Duel, Shimp’s associate, testified that the “ancient fence line” began at a point monumented by the original survey. The effect of relying upon Shimp’s survey, in simple terms, was to “move” the entire subdivision fourteen feet to the west permitting Shimp to acquire fourteen feet of land on the western border of his lot, at the Brinsons’ expense. On the other hand, relying upon measurements undertaken by Brinsons’ surveyors, starting at the east, would result in the establishment of the Brinson/Shimp lot line where the Brinsons have maintained the fence that is the subject of this ejectment action.
The record makes it fairly clear that problems had existed in this subdivision for some time, because there is an overage of approximately fourteen feet between the plat distances and the subdivision as surveyed and occupied. The Brinsons attempted to explain this difference by offering the theory that a road was intended to be built upon the western border of the subdivision, and some historical evidence was offered in support of that notion. Nevertheless the Brinson position remains a theory rather than a fact established by substantial, competent evidence.
Because the surveys indicate a discrepancy between the measured distances on the plat and the measured distances on the actual land, no matter from which disputed point the survey was begun, the trial court should have applied the rule set out in Madison v. Haynes, 264 So.2d 852 (Fla. 4th DCA), cert. denied, 270 So.2d 14 (Fla.1972), and apportioned the disputed overage. See State of Florida, Department of Transportation v. Borsje, 566 So.2d 912 (Fla. 2d DCA 1990). The Madison case indicates that the apportionment rule is not to be applied where impractical or where a boundary has been established by the agreement of the parties. Agreement of the parties is undeniably lacking in this instance and the record suggests that Mrs. Brinson made extensive but unsuccessful efforts in the past to settle the boundaries of the entire subdivision in which she owns substantial amounts of property. The apportionment rule also is unavailable if facts or circumstances otherwise control, as was the case in City of Pompano Beach v. Beatty, 177 So.2d 261 (Fla. 2d DCA 1965), where the court found that the plaintiff’s surveyors had found the original survey- or’s monuments. Thus, in Pompano Beach the rule of Tyson v. Edwards was applicable. In this case, however, we discern no bar to application of the principle of Madison v. Haynes.
Thus, we reverse the final judgment and remand this cause to the trial court to enter an order apportioning the disputed land mass equally between the parties.
RYDER, A.C.J., and ALTENBERND, JJ., concur.