PER CURIAM.
The resolution of this boundary line dispute between homeowners relies on the long held principle of law that where there is a discrepancy between the location on the ground of the original boundary survey and the written plat of that survey, it is the survey as it was actually, run on the ground that governs. Watrous v. Morrison, 33 Fla. 261, 14 So. 805, 806 (1894); Palm Orange Groves v. Yelvington, 41 So.2d 883 (Fla.1949); Akin v. Godwin, 49 So.2d 604 (Fla.1951); Brinson v. Shimp, 574 So.2d 1105 (Fla. 2d DCA 1990); see Tyson v. Edwards, 433 So.2d 549 (Fla. 5th DCA), review denied, 441 So.2d 633 (Fla.1983); *998 Calder v. Hillsboro Land Co., 122 So.2d 445 (Fla. 2d DCA 1960).
In the instant case, the dispute between adjacent landowners was correctly resolved by the trial court. There was competent evidence presented as to monuments on the ground which proved a single common error existed in the written metes and bounds calls recorded and upon which appellee based her suit for declaratory relief. Cases cited by appellant, defendant below, concerning private surveys conflicting with government surveys are inapplicable. See Rivers v. Lozeau, 539 So.2d 1147 (Fla. 5th DCA), review denied, 545 So.2d 1368 (Fla. 1989); State, Dept. of Transp. v. Borsje, 566 So.2d 912 (Fla. 2d DCA 1990). Appellant did not make out a prima facie case for her counterclaim of slander of title. Bothmann v. Harrington, 458 So.2d 1163, 1168 (Fla. 3d DCA 1984). Also, no indispensable party was omitted from the action by the trial court’s corrective determination. See W.R. Cooper, Inc. v. City of Miami Beach, 512 So.2d 324 (Fla. 3d DCA 1987). By the judgment appealed, the subdivision’s landowners return to the harmonious pattern of living which they have enjoyed for the last forty years. See Palm Orange Groves, 41 So.2d at 885.
Accordingly, the declaratory judgment settling the boundary dispute and the order dismissing the claim for slander of title are affirmed.