STRINGER, Judge.
This case evolves from a dispute as to the boundaries between three lots in a platted residential subdivision. Appellants, the Petrynis, own lot 4, and appel-lees, Tommy Denton and Eloise Barco, own lots 5 and 6 respectively. Each lot has frontage on a private subdivision road, Sunny Shores Drive. According to the subdivision plat, lots 5 and 6 each have 125 feet of frontage, and lot 4 has 120 feet of frontage, consisting of two angled sections, one 55 feet long and the other 65 feet long. The dispute arose when it was discovered that the actual total road frontage of the three lots, when measured on the ground, was ten feet less than the measured distances on the plat due to an error in the original plat.
The subdivision was originally platted in 1958. In 1982, Denton placed four concrete boundary monuments between lots 4 and 5 along what Denton contends is the true boundary line. Denton’s boundary line effectively placed the entire ten-foot deficiency within the Petrynis’ lot and decreased the Petrynis’ frontage from 120 feet to 110 feet. Moreover, Denton’s boundary line encroached within 3.1 feet of the Petrynis’ house rendering them house out of compliance with the county code setback requirements. The Petrynis filed an ejectment action against Denton seeking removal of the monuments and shrubbery planted along the Denton-created boundary line, removal of a water well near the Denton-created boundary line, and removal of a boat ramp which all the parties agreed was on the Petrynis’ property. Denton filed a third-party claim against all of the other lot owners in the subdivision, each of whom successfully obtained dismissal from the case, except for Barco. After a trial on the issues, the trial court denied the claim of ejectment, in *699 effect, attributing the entire ten-foot deficiency to lot 4 and denied the claim for ejectment for removal of the boat ramp on the ground that Denton had offered to remove it in a letter he wrote to his attorney approximately one month before the complaint was filed. We reverse.
We begin by noting that an action for ejectment is the appropriate method for determining boundary disputes. Stark v. Marshall, 67 So.2d 235 (Fla.1953). The earliest Florida case discussing the established rule for resolving discrepancies between the measured distances on a plat and the measured distances on the actual land was City of Jacksonville v. Broward, 120 Fla. 841, 163 So. 229 (1935), which stated as follows:
When division lines are run splitting up into parts larger tracts it is occasionally discovered that the original tract contained either more or less than the area assigned to it in a plan or prior deed. Questions then arise as to the proper apportionment of the surplus or deficiency. In such cases the rule is that no grantee is entitled to any preference over the others, and the excess should be divided among, or the deficiency borne by, all of the smaller tracts or lots in proportion to their areas. The causes contributing to the error or mistakes are presumed to have operated equally on all parts of the original plat or survey, and for this reason every lot or parcel must bear its proportionate part of the burden or receive its share of the benefit of a corrected resurvey. This rule for allotting the deficiency or excess among all the tracts within the limits of the survey may be applied where the original surveys have been found to have been erroneous, or where the original corners and lines have become obliterated or lost.
If the lines of a survey are ‘found to be either shorter or longer than stated in the original plat or field notes, the causes contributing to such mistakes will be presumed to have operated equally in all parts of the original plat or survey, and hence every lot or parcel must bear the burden or receive the benefit of a corrected resurvey, in the proportion which its frontage as stated in the original plat or field notes bears to the whole frontage as there set forth.’
Id. at 230 (quoting 4 Ruling Case Law § 115 (1918)) (citations omitted); see also Brinson v. Shimp, 574 So.2d 1105 (Fla. 2d DCA 1990).
This apportionment rule has its exceptions. The rule should not be applied where it is impractical, where the parties have established a boundary by agreement, or where a party’s surveyor has found the original surveyor’s monuments. Brinson, 574 So.2d at 1106. As to this latter exception, the monuments placed on the ground by the original surveyor control over the written plat. Id. That which the original surveyor actually did rather than what he might have intended is the primary consideration. Id.; see also Tyson v. Edwards, 433 So.2d 549 (Fla. 5th DCA 1983). The trial court used this exception as its basis for denying the Petryn-is’ ejectment claim.
From our reading of the record, Den-ton’s and Barco’s surveyors found several boundary monuments, but only three seemed likely to have been placed by the original surveyor. The first was a permanent marker at the northwest corner of lot 1, the second was an iron pipe at the southeast corner of lot 6, and the third was a monument at the point of curvature of lot 6. Guided by the testimony of Den-ton’s and Barco’s surveyors, the trial court concluded that these monuments established that the deficiency was isolated within lot 4. However, even assuming that these monuments were placed by the origi *700 nal surveyor, we fail to see how they established that the ten-foot deficiency in this case was isolated to lot 4. At most, these monuments established that the ten-foot deficiency was isolated to lots 4, 5, and 6 and not any of the other lots in the subdivision. There was no competent, substantial evidence presented establishing an original surveyor’s boundary marker along the Sunny Shores Drive frontage delineating the boundary line between lots 4 and 5. The monument located there was placed by subsequent surveyors and not the original surveyor. Accordingly, the trial court should have apportioned the deficiency among lots 4, 5, and 6.
We also mention that the trial court should have ordered removal of the boat ramp as prayed for by the Petrynis. The parties agreed that the boat ramp encroached upon the Petrynis’ property even using Denton’s proposed boundary line. The mere fact that Denton had previously agreed to remove the boat ramp was not a defense to the action for ejectment. The record reflects that the boat ramp had not been removed at the time of the trial. Thus, the Petrynis were entitled to have a judgment entered ordering the removal of the boat ramp.
We reverse the judgment in this case and remand with instructions to allot the ten-foot deficiency proportionally among lots 4, 5, and 6. On remand, the trial court should order the removal of the well, boat ramp, shrubbery, and monuments if it finds that they encroach upon the Petryn-is’ property.
Reversed and remanded with instructions.
GREEN and CASANUEVA, JJ., Concur.